A. B. PITTMAN AND WIFE v. W. B. BYARS AND WIFE.

Decided May 20, 1908.

**1.—Habeas Corpus—Custody of Minor—Jury Trial.**

In a proceeding by habeas corpus to determine the right to the custody of a minor the issues are to be determined by the court, and a demand for trial by jury is properly refused.

**2.—Same—Constitution.**

The constitutional guaranty of trial by jury (Const. art. 1, sec. 15, art. 5,

sec. 10) preserves such right only as it existed by common law or by statute prior to the adoption of such Constitution, and does not extend it to the trial of issues the determination of which had been theretofore by the court alone, as in hearings upon habeas corpus.

### 3.—Custody of Minor—Habeas Corpus—Res Adjudicata.

A determination of the right to the custody of a minor upon habeas corpus is no bar to a similar subsequent proceeding, by the same parties, but upon a state of facts subsequently arising and not involved in the former judgment.

Appeal from the District Court of Bastrop County. Tried below before Hon. Ed. R. Sinks.

*C. W. Webb* and *Orgain & Maynard,* for appellants.—This suit brought by plaintiffs asking for a writ of habeas corpus for the custody of their minor child is a civil case. Legate v. Legate, 87 Texas, 250; Rice v. Rice, 24 Texas Civ. App., 506; Ex parte Calvin, 40 Texas Crim. Rep., 84.

In the trial of all civil cases in the District Court involving an issue of fact the right of trial by jury is given. Const., art. 5, sec. 10; Rev. Stats., art. 3187, 3188, 3189; Davis v. Davis, 34 Texas, 24; Cockrill v. Cockrill, 65 Texas, 669; 3 App. C. C. (Willson), sec. 749.

A suit for the custody of a minor child by habeas corpus proceedings being a civil case, a district judge is not authorized and has no jurisdiction to try such a case in vacation and out of term time, unless expressly authorized by law, and such a trial and judgment thereon is void. Legate v. Legate, 87 Texas, 250; Rice v. Rice, 24 Texas Civ. App., 506; Ex parte Calvin, 40 Texas Crim. Rep., 84; Hardware Co. v. Stove Co., 88 Texas, 486; Doss v. Wagoner, 3 Texas, 516; Ex parte Ellis, 37 Texas Crim. Rep., 539; Aiken v. Carroll, 37 Texas, 73; Ex parte Rusts, 38 Texas, 344; Blair v. Reading, 99 Ill., 600; 12 Am. & Eng. Cy. of Law (1st ed.), 14; 17 Am. & Eng. Cy. of Law (2d ed.), 724; Black on Judgments, sec. 179; Pittman v. Byars, 100 Texas, 518.

The Constitution of the State of Texas, art. 5, sec. 10, which authorizes district courts and district judges in vacation to issue writs of habeas corpus does not confer on such judges authority to try in vacation a suit by habeas corpus for the possession of a child. Const., art. 5, sec. 10; Shephard v. City Council, 42 S. W., 863; Hardware Co. v. Stove Co., 88 Texas, 487; Hodges v. Ward & Ingram, 1 Texas, 244; Aiken v. Carroll, 37 Texas, 73; Price v. Bland, 44 Texas, 145.

The decision and judgment in the first habeas corpus proceeding was at most only conclusive in respect to the facts and circumstances then existing, and not as to such as might arise afterwards. Heard on Habeas Corpus (2d ed.), 462; 9 Am. & Eng. Cy. of Law, 238; 15 Am. & Eng. Cy. of Law (2d ed.), 213.

*M. H. Hill* and *Fowler & Fowler,* for appellees.—In a habeas corpus proceeding to determine who is entitled to the custody of a child it is the exclusive province of the judge to decide all questions of fact as well as of law, and neither party is entitled to a jury. Const., art. 5, sec. 8; Code Crim. Procedure, arts. 151, 152, 160, 161, 171, 172, 173, 214; McFarland v. Johnson, 27 Texas, 109, 110; Legate v. Legate, 87

Texas, 250; Pittman v. Byars, 100 Texas, 518; Ex parte Allison, 99 Texas, 455.

The Constitution merely protects the right of trial by jury as it existed at the time the Constitution went into effect, and as no right to a jury in habeas corpus proceedings exists at common law, the statutes providing for habeas corpus trial without a jury are not in conflict with the Constitution. Ex parte Allison, 99 Texas, 455.

It appearing from the petition that the matters involved in this proceeding have been heard and finally settled in a former habeas corpus proceeding, and the only objection urged against the validity of the final judgment or order entered in said former proceeding, being that it was void because entered in vacation, appellants were not entitled to another hearing, as attempted in this proceeding, and appellees' general and special demurrers were therefore properly sustained by the court. Constitution, art. 5, sec 8; Code Crim. Proc., arts. 151, 152, 160, 161, 171, 172, 173, 209, 214; McFarland v. Johnson, 27 Texas, 109, 110; Ex parte Foster, 5 Texas App., 625; Legate v. Legate, 87 Texas, 250; Ex parte Allison, 99 Texas, 455; Pittman v. Byars, 100 Texas, 518.

RICE, Associate Justice.—Appellants brought this suit by petition for writ of habeas corpus for possession and custody of their minor child, Forrest Pittman, in the District Court of Bastrop County, appellant A. B. Pittman, alone, having heretofore filed another petition before the judge of said court for a writ of habeas corpus to recover the possession of his said son. The former writ being granted by the judge of said court was heard by him in vacation on the 31st of March, 1906, and the relief prayed for was denied and an order entered allowing said child to remain in the custody of appellees, its grandparents. From this action of the court, said appellant Pittman prosecuted an appeal to this court and on a hearing of said appeal said judgment was affirmed. (See Pittman v. Byars, 45 Texas Civ. App., 46.) Appellant then prosecuted a writ of error to the Supreme Court which was denied on the ground that the order entered by the district judge refusing the relief prayed for was not the judgment of said District Court, and that no appeal could be prosecuted therefrom. (Pittman v. Byars, 100 Texas, 518.)

The present petition, therefore, which is the second application for a writ of habeas corpus for the custody and possession of said child, was filed on the fourth day of June, 1907, and alleged, among other things, that the action of the district judge on said first application, having been heard by him in vacation, was without authority of law and void, and that none of the facts which justified said action by the court, if any, on said first application existed at the time said second application was made, setting out the facts upon which this the second application was based, and that plaintiffs were therefore now entitled to the custody and possession of said child. The writ was granted on said application and made returnable to the next term of the District Court of Bastrop County for trial, where, on the first day of the term, appellants asked the court for a jury in said cause, depositing the required jury fee, which demand was refused on the ground that no jury was

allowed on the trial of a habeas corpus case, to which ruling appellants excepted, reserving their bill; that on the 19th of June, said cause came on for trial, whereupon defendants presented exceptions and demurrers to plaintiffs' petition, which were sustained by the court and the suit was dismissed. Exceptions were duly reserved by appellants to said action of the court, and this appeal is prosecuted therefrom.

Appellants urge by their first assignment of error that the court erred in refusing to grant them a trial by jury, as asked by them. They insist that this is a civil case, and that they are entitled under the Constitution and laws of this State to a trial thereof by jury, and that it was error to deny the same.

"The right of trial by jury is of ancient origin, and the provisions of the various State Constitutions, while differently worded, contain provisions guaranteeing this right. They have uniformly been construed, however, as not conferring a right to trial by jury in all classes of cases, but merely guaranteeing the continuance of the right, unchanged, as it existed either by common law or by statute in the particular State at the time of the adoption of the Constitution. In cases where the right existed prior to the Constitution it can not be denied, and this applies to cases of a similar character arising under statutes enacted subsequently to the adoption of the Constitution. There were, however, prior to the adoption of the Constitution, certain classes of cases which were triable without jury, and all cases previously triable without jury may still be so tried. And it is furthermore competent for the Legislature to provide a trial without a jury in cases similar to those in which such trial was in use prior to the Constitution. The constitutional provisions guaranteeing the right of trial by jury have been construed not to extend the right to any class of persons not so entitled prior to the adoption thereof." (Ency. Law & Proc., vol. 24, pp. 100 *et seq.*) "In addition to the general constitutional provisions stated, there are in some jurisdictions constitutional provisions providing for jury trials 'in all civil cases,' or in all cases at law without regard to the amount in controversy. These provisions did not extend the right to *all cases which are not criminal, but merely guarantee the continuance of the right as it previously existed in what were regarded as civil actions and triable by jury at the time of the adoption of the Constitution."* (Id., p. 107.)

Under these and similar constitutional provisions in most, if not all of the States, there are many kinds and character of actions in which it has been held that the parties thereto were not entitled to trial by jury, such as proceeding by injunction, mandamus, habeas corpus, contempt, motions to disbar and many others; and we understand it to have been, and is yet, the uniform practice in this State for the courts in habeas corpus trials to determine all matters triable therein without the intervention of a jury.

In civil proceedings, other than actions, the right of trial by jury, unless extended by statute, applies only to actions according to the course of the common law and not to special proceedings of a summary character. (Vol. 24, Ency. Law & Proc., p. 128; Koppikus v. State Capitol Comrs., 16 Cal., 249; Crow v. State, 24 Texas, 13; Janes v.

Reynolds, 2 Texas, 250; In re Chow Goo Pooi, 25 Fed. Rep., 77; see, also, vol. 31 Century Dig. Title "Jury," sec. 104.)

A jury trial can not be demanded as a constitutional right in proceedings for the appointment of guardians for infants or for inebriates and other incompetents, unless there is some statutory authority therefor. (Vol. 24 Cyc., pp. 131, 132.) In Pennsylvania a judgment giving the custody and earnings of a child to its mother, when the father from drunkenness or other causes, neglects to provide for it, without trial by jury, is not in violation of the constitutional provision that the right of trial by jury as heretofore, shall remain inviolate. (Van Billiard v. Van Billiard, 6 Pa. Co. Ct., 333.)

The constitutional requirement that the right of trial by jury shall remain inviolate, does not confer the right where it did not exist before the adoption of the Constitution. (Tims v. State, 26 Ala., 165; Blanchard v. Raines, Ex., 20 Fla., 467; Ross v. Irving, 14 Ill., 171, 48 Am. Dec., 248; Flint River Steamboat Co. v. Foster, 5 Ga., 194; Vol. 31 Cent. Dig., p. 183, sec. 16, and cases there cited.)

In Hurd on Habeas Corpus, p. 296, it is said, relative to the mode of trial, that "the trial has always been to the court or judge, and hence it is commonly called a hearing. Although the trial of questions of fact under the writ by the court has been deprecated as infringing the right of trial by jury, yet the inconvenience and delay consequent upon a jury trial, the desire to obtain, and of the judges to confer, instant relief in cases of wrongful imprisonment, to which perhaps should be added the common opinion that an order in habeas corpus had not the force and effect of a final judgment, have overcome all objections and the practice has long been settled in England and America of submitting all questions arising under the writ to the determination of the court.

"The provisions of the Constitution of the United States and of the several States for the inviolability of the right of trial by jury did not extend to proceedings in habeas corpus cases, as it has sometimes been claimed. It is not provided in the Constitution of any State that all issues of fact shall be tried by a jury. The provision in all is that the right of jury trial shall not be violated; that is, the right as it was understood and enjoyed at the time of the adoption of the Constitution, and as such trial was not then demandable as a matter of right in habeas corpus proceedings any more than it was in a proceeding in equity, it is not now. It is, however, within the power of the court, perhaps, in the exercise of its discretion, to direct an issue of fact under the writ to be tried by a jury. This has sometimes been done, but the practice has not met with general favor. The mode of trial has been the subject of observation in several cases. In the matter of Hakewell, there is an intimation that a jury in some cases might be employed. That was a habeas corpus by the mother to obtain possession of her children from their father, and was subsequently conducted under the provisions of the act 56 Geo. 3, c. 100, section 3, which enacts, 'That in cases provided for by this act, although the return to any writ of habeas corpus shall be good and sufficient in law, it shall be lawful for the justice or baron, before whom such writ may be returnable, to proceed to examine into the truth of the facts set forth in the return by affidavit, etc., and

do therein as to justice shall appertain.' Jervis, Ch. J., alluding to the
doubt expressed in the case of Watson, whether there may be any mode
other than by action of impeaching the truth of such return, or of in-
troducing new matter, says: 'I must confess I should have thought it
was competent to the party, at whose suit the writ is obtained, to im-
peach the return upon affidavit or to traverse it, and go to a jury or
to argue upon the return that it does not justify the detention.'

"In New Jersey an application to the court to empanel a jury to ascer-
tain the facts in a case of habeas corpus was refused as early as 1782.
In the case of State v. Farley, the application was renewed in the year
1790, when it was again refused. The court said: 'We have no power
in such a case to order a jury. The writ is a writ of right intended for
the protection of individuals against arbitrary and illegal detention, and
we are to decide upon it in our own constitutional capacity sitting here
to superintend the liberty of the citizen, and to protect it from viola-
tion.' To the same effect is the case of State v. Beaver et al."

In Church on Habeas Corpus, 2 ed., sec. 172, it is said: "A very
important question is whether the issues in habeas corpus proceedings
are to be tried by a judge or jury. The trial of questions of fact by
the court seems to be the controlling principle in both England and the
United States."

In section 173, same volume, it is said: The hearing or trial is had
before the court or judge before whom the writ is made returnable. By
statute it is frequently provided that the writ may be issued by one court
or judge and returnable before another judge or court. By the Habeas
Corpus Act of the United States and many of the several States, the
truth of the facts set forth in the return to a writ of habeas corpus may
be inquired into, but this trial of the facts will generally be conducted
by the judges or the courts. This has become a well established rule
of procedure and is found to be conducive to the best interests of the
prisoner. It affords him the invaluable right to have the question of his
personal liberty determined at once. Whatever objections may have
ever been raised to thus leaving all the issues of fact involved in habeas
corpus proceedings to be determined by the court, they have been silenced
by the long and well settled practice in both England and the United
States; and if 'the course of a court makes a law,' and 'the practice is a
decisive evidence of the law,' then is the law well founded that the
issues of fact in such proceeding should be left to the determination of
the court. The practice of the courts, however, is not to be understood
as affecting their powers. A trial by jury can not be demanded by a
prisoner or respondent in a habeas corpus proceeding as a matter of
right. Might as well a trial in a preliminary examination, or in chanc-
ery, by jury be demanded. There is no provision in the Constitution of
the United States, neither is there anything in the State Constitutions
which gives the right to have these issues of fact tried by a jury in
such proceedings. The Constitutions, Federal and State, provide sub-
stantially that the right of jury trial shall not be violated, but it is no
violation of this inestimable privilege to deny it in chancery proceed-
ings, preliminary examinations and proceedings by habeas corpus. But
the court or judge sitting on the return to a writ of habeas corpus may,
in its discretion, order any controverted fact in the matter to be tried by

a jury. This power may be exercised, but it is not the practice to do so, and it has met with little favor.

"In Indiana, in 1864, it was contended that the petitioner for a writ of habeas corpus had the right to a trial by a jury. Section 20 of the bill of rights in the Constitution of the State then read as follows: 'In all civil cases the right of trial by jury shall remain inviolate.' The court said in rendering its opinion: 'It has been the practice in this State, as well before as since the adoption of our Constitution, to try the issues of fact in habeas corpus cases by the court or judge without a jury. Such a proceeding is not a civil case within the meaning of section 20 of the Bill of Rights. . . .'" Again, in 1872, the Supreme Court of the same State in Garner v. Gordon, 41 Ind., 42, adhered to this ruling and likewise held that a proceeding by habeas corpus was not a civil action within the meaning of the section of the code giving the right to a change of venue. (Id., sec. 174.)

This is a case of first impression in this State on this subject, so far as we are able to ascertain. The language of our Constitution granting the right of trial by jury to every party in all cases in the District Court, is sufficiently broad and expansive to grant the right here contended for, unless it be held that prior to and at the time of the adoption of our Constitution, this character of action was not such a one as entitled the parties thereto to the right of trial by jury. Appellants contend, however, that, under our present Constitution and laws, in this class of cases either party has the right to a trial by jury upon a proper demand being made therefor; and argues in support of this contention, first, that a habeas corpus case is a civil case, citing Legate v. Legate, 87 Texas, 250; Ex parte Calvin, 40 Texas Crim. Rep., 84, and Rice v. Rice, 24 Texas Civ. App., 506, in each of which it is held that a habeas corpus proceeding is a civil case, and that the District Courts have jurisdiction thereof.

In Ex parte Calvin, *supra,* which was a habeas corpus proceeding for the custody of a minor, the Court of Criminal Appeals held that the same was not a criminal but a civil case, and the appeal was dismissed by reason thereof for want of jurisdiction.

Art. 1, section 15 of our Bill of Rights, reads: "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same and to maintain its purity and efficiency." Art. 5, sec. 10 of our Constitution reads: "That in the trial *of all causes* in the district courts the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature."

Article 3188 of our Revised Statutes provides that no trial by jury shall be had in any civil suit, unless an application therefor be made in open court, and a jury fee be deposited.

Article 3189 provides that "any party to a civil suit in the District or County Court, desiring to have the same tried by a jury, shall make application therefor in open court on the first day of the term of the

court at which the suit is to be tried, unless the same be an appearance case, in which event the application shall be made on default day."

These seem to be the only regulations made by our statute touching the right of trial by jury in civil cases, and it is insisted by appellants that these requirements were met and complied with by them, as appears from their bill of exceptions.

In the case of Davis v. Davis, 34 Texas, 24, which was a contest over the probate of a will, and where a jury was demanded and refused, the court held, under a constitutional provision somewhat similar to the present one, that the Legislature which passed a law denying the right of trial by jury in probate matters, could not lawfully alter, abridge or construe any part of the Constitution, and held such statute unconstitutional.

In Cockrill v. Cox, 65 Texas, 673, referring with approval to the case of Davis v. Davis, *supra*, construing the law and the Constitution, held that in a contest of a will, without expressly construing whether it was a case at law or equity, or whether the parties would be called plaintiff or defendant, must, on demand therefor, be tried by a jury.

In the recent case of Tolle v. Tolle, on certified question from this court to the Supreme Court, Judge Gaines delivering the opinion of the court, being an application for letters of administration upon the estate of Emil Tolle, wherein a request for a jury had been denied, held that the party demanding it was entitled to a jury, quoting section 10, article 5, of the Constitution, remarking that, "language can not be more comprehensive than this, hence if a probate proceeding is properly styled 'a cause,' this section undoubtedly gives the right of trial by jury. Bouvier's Law Dictionary defines a cause as 'a suit or action; any question, civil or criminal, contested before a court of justice.' The questions in this case are certainly questions contested before a court." In closing said opinion it is said: "We do not think the fact that in a contest of the probate of a will that property rights are necessarily involved can make any difference. It is not a question of the nature of the contest, but merely is there a matter of fact for a jury to determine. We are unable to distinguish the case before us from that of Cockrell v. Cox."

When language similar to that in the present Constitution is found in former ones, it is presumed that it was intended to use such language in the present Constitution in the sense which had previously been given to it by the courts. Taylor v. Boyd, 63 Texas, 541.

When a statute or Constitution, after having been once construed by a court of final jurisdiction, has been re-enacted without material change, such construction becomes a part of the new law or construction. Scott v. State, 6 Texas Civ. App., 345.

When, in the revision or amendmant of the Constitution, the new instrument re-enacts in the same words provisions which it supersedes, it is presumed that no change of law in this particular was intended. Ex parte Combs, 38 Texas Crim. App., 651.

The Constitution preceding our present one had a similar provision to the one under consideration. Both before and since the adoption of the present Constitution it has been the uniform practice in this State for habeas corpus cases to be tried before the court, and not by a jury,

and this has been as well the settled practice in England as in the United States. Notwithstanding the broad language used in the Constitution, we are loath to believe that it was the intention of the framers thereof to change the rule in this respect and to require that habeas corpus cases should be tried by a jury and not by the court. Therefore we are inclined to follow the beaten path of the common law, as well as the uniform practice by our own courts, and hold that the court below did not err in refusing to grant appellants a trial by jury.

By their second assignment of· error appellants urge that the court erred in sustaining appellees' general demurrer to their petition, and by their third assignment complain that the court erred in sustaining respondents' special exception and dismissing the suit, which special exception, in effect, contended that the judgment of the 31st of March, 1906, was res adjudicata, and that appellants were estopped thereby.

In the cases of Legate v. Legate, 87 Texas, 250, and Rice v. Rice, 24 Texas Civ. App., 506, and Ex parte Calvin, 40 Texas Crim. Rep., 84, it was held that a suit by habeas corpus for the custody of a child was a civil action, and the sole question to be determined in such cases is, Who is entitled to the custody of the child? It appears from the allegation of the petition for the writ of habeas corpus in this case that the facts herein are entirely different from the facts relied upon in the first application for the writ. Therefore, under the rules of law, the judgment on the first application would be no bar to the second suit between the same parties for the custody of the same child when there has been a change of material facts since the first trial, and upon which the second application is based. It would probably have been better if the pleader in this case had set up the facts upon which the first application was based, together with the facts relied upon to support the second, in order that the court might determine from the face of the pleadings that a different state of facts in fact existed, and that the petition on its face was, therefore, sufficient. But we think the petition, in the absence of a special exception in this respect, is good, and that the law is well settled that, upon trials of this character, where it is shown that the facts alleged are different from those set forth in the first trial, that then the judgment had in the first trial cannot be plead in bar of the second.

In Hurd on Habeas Corpus, 2 ed., p. 462, it is said: "The decision and judgment in the first habeas corpus proceeding was at most only conclusive in respect to the facts and circumstances then existing, and not as to such as might arise afterwards."

In 15 Am. & Eng. Ency. Law, 2d ed., p. 213, it is said: "When the purpose of a writ of habeas corpus is to obtain custody of children, the decision of· the court in regard to the right of custody becomes res adjudicata, and bars a second application on the same facts, *but if a different state of facts and circumstances can be shown, a second application may be entertained.*"

Am. & Eng. Ency. Law, 1st ed., vol. 9, p. 238, says: "The determination of a court on habeas corpus, respecting the custody of children, is conclusive in a subsequent application for the writ, unless some new fact has occurred which has altered the state of the case or relative claims of the parent to the custody of the child in any material respect.

But the estoppel, even in such cases, continues *only when the circumstances are the same.*"

The petition in this case alleges that none of the facts relied upon to support the first judgment now exist, but that a totally different state of facts exist. Under the authorities, we believe the court erred in sustaining appellants' general demurrer and special exception to the petition, and for the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*