## M. F. HAMMOND v. CHARLES E. ASHE, DISTRICT JUDGE.

Motion No. 2370. Decided October 26, 1910.

1.—Mandamus—Denial of Legal Right.

The writ of mandamus can not be used to revise or control proceedings in a trial which, if erroneous, can be corrected on appeal, but it may be otherwise as to a denial of a clear legal right to a litigant in a case where the judgment of the trial court will be final, there being no appeal. (P. 504.)

2.—Same—Contested Election.—Trial by Jury.

The trial of a contest of a primary election in the District Court is not a "cause" within the meaning of the constitutional provision securing the right of trial by jury (Const., art. 5, sec. 10). It is a special proceeding created and controlled by the statute allowing it, which makes no provision for jury trial, and demand therefor was properly refused by the trial judge. (P. 504.)

Motion by Hammond for leave to file in the Supreme Court a petition for writ of mandamus against Ashe as district judge.

*John Lovejoy, S. H. Brashear* and *A. C. Van Velzer,* for relator.

Mr. Justice Williams delivered the opinion of the court.

The petition shows that the trial of the contest of the primary election for sheriff of Harris County is going on in a District Court of that county of which respondent is judge, between A. R. Anderson as contestant and relator as contestee, and that respondent has refused relator's demand for a trial of issues of fact by a jury, and asks for a writ of mandamus from this court to compel the respondent to grant the demand.

It is plain that ordinarily the writ of mandamus can not be converted into an appeal and used as a mode of revising the rulings made by courts during the trial of causes. Such questions can generally be raised only in appellate proceedings. But the statute regulating contests of primary elections makes the decision of the contest by the District Court final, and if in the course of a trial of such a proceeding there should occur a denial of a clear legal right of a party which could be enforced in no other way, the question would arise whether or not the recognition of the right might be enforced by mandamus from this court. In this case we think it clear that the right of trial by jury does not exist. The statute does not allow it and the provision of the Constitution (art. V, sec. 10), has no application. The language of the latter does not embrace contested elections as "causes" in which the right of trial by jury is secured. The grant in the Constitution of jurisdiction to hear contests of elections, which is the one which this court recently held to include power to hear contests of primary elections where they are given the characteristics of legal elections and contests of them are provided for by the Legislature (Ashford v. Goodwin, ante, p. 491), does not convert such contests into "causes," as that term is used in the provision of the Constitution referred to, nor make them other than proceedings specially created and controlled by the statutes which allow them. Gibson v. Templeton, 62 Texas, 555. The guaranty in the Constitution of the right of trial by jury does not apply to them.

*Motion overruled.*