## FOSTER v. FOSTER. (No. 8093.)

(Court of Civil Appeals of Texas. Galveston. April 28, 1921. Rehearing Denied May 19, 1921.)

1. Habeas corpus ⬥54—Petition held to sustain writ as against plea in abatement.

In a proceeding by a husband against his divorced wife for a writ of habeas corpus to determine custody of minor daughters original-

ly awarded to the wife, petition *held* to allege developments after the decree materially altering the conditions then prevailing sufficient, in the absence of special exception, to sustain the writ as against a plea in abatement.

2. Habeas corpus ⬥41—Court issuing decree not authorized to change custody of children to exclusion of other courts.

Where a district court in divorce proceedings has determined the custody of minor children, such court has not the exclusive authority to change its determination, but habeas corpus before another court will lie by the husband against the wife under changed conditions to obtain a modification of the order as to custody.

3. Jury ⬥19(19)—No constitutional right to jury trial in proceedings to determine custody of children.

In habeas corpus hearings to determine the matter of custody of children subsequent to divorce proceedings, there is no constitutional right to a trial by jury.

4. Habeas corpus ⬥113(12)—Appellate court will not interfere with discretionary findings of trial court as to custody of children subsequent to divorce.

On habeas corpus to determine the custody of children as between divorced parents, where the well-being of the children furnishes the sole occasion for the exercise of judicial power, a broad discretion is by law vested in the court which has the parties and witnesses before it, and, when on a full hearing a determination has been made, an appellate tribunal will not interfere therewith where the record fails to disclose lack of sufficient evidence or a response to other than sound judicial consideration.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Habeas corpus by M. E. Foster against Zaidee L. Foster to determine the custody of minor daughters. Judgment for relator, and respondent appeals. Affirmed.

Cooper & Merrill, of Houston, for appellant.

Wolters, Storey, Blanchard & Battaile and Huggins, Kayser & Liddell, all of Houston, for appellee.

GRAVES, J. This was a habeas corpus proceeding in the Eightieth district court, the father being relator and the mother respondent, the objective of which was the determination as between them of the custody of their two minor daughters. The petition for the writ alleged that while the custody of the children had, pursuant to agreement and under certain specified restrictions and conditions, been formerly awarded by the Eleventh district court in divorcing the parents to the mother, which judgment was a final adjudication of all the issues in that suit, conditions since that time had so wholly changed as to make it to the best interest of the children

(230 S.W.)

for the father thereafter to have them; it is deemed unnecessary to catalogue these averments; among other things, they charged detailed violations of the terms of the first decree, particularly those providing for visits of the children to their father and his control and direction of their education, to such extent as in effect to nullify and render performance of them impossible, and that the attitude, disposition, and conduct of the mother had so changed and developed since the divorce that she had become an unsuitable person to longer have the care, custody, and control of the young girls, in that she had set herself upon estranging them from their father and on so inducing them to believe untrue and scandalous things about him as would cause them to regard him with odium, in which efforts she had to some extent even then succeeded. There was also the statement of a number of material differences in his own situation and surroundings.

Notwithstanding pleas in abatement, to the jurisdiction, and of special denial of all the material averments of the application on respondent's part, the writ duly issued, and the court heard all the facts touching the matter from a great number of witnesses, including both parents and the two children. The prior decree of the Eleventh district court of date August 20, 1919, and quite an exchange of letters between the younger of the daughters and her father, were likewise in evidence.

The hearing resulted in a judgment by which the custody of the younger child was given to the father and that of the older to the mother, with allowance for the exchange of visits between the two children, and provision that, each parent might also have visits from the child whose custody was awarded to the other.

From that judgment the respondent in the trial court presents this appeal.

While conceding that materially changed conditions arising subsequent to the decree of the Eleventh district court would have furnished proper basis for the judgment complained of, appellant yet contends here that her plea in abatement below was good, because, she says, the allegations of the appellee's petition neither charged facts and circumstances showing the existence of any such changed conditions nor any reason why, if they did in fact exist, the application could not have been made before the court that tried the original cause.

[1] The position, in our opinion, is untenable, and the court committed no error in overruling the plea; the petition did at length allege developments after the date of the former decree that very materially altered the conditions then prevailing, and no special exception pointing out wherein they were insufficient was interposed; indeed, the mere recurrence to what has been in such brief and general outline herein mentioned is enough to indicate that the pleading was amply sufficient, in the absence of such an exception.

[2] The suggestion that the Eleventh district court alone could entertain the cause has been authoritatively determined the other way. Gazell v. Garcia, 187 S. W. 410; Pittman v. Byars, 51 Tex. Civ. App. 83, 112 S. W. 102.

[3] It is next claimed there was reversible error in refusing the demand for a jury. Appellant made the statutory one, with tender of the fee. We do not understand, however, that in habeas corpus hearings purely to determine the matter of the custody of children —although in their nature civil proceedings —a trial of the issue by jury is a constitutional right, but that, on the contrary, the uniform practice has been for the court to conduct them. Pittman v. Byers, supra, and authorities there cited.

The last insistence is that the evidence did not show sufficient change in conditions to justify a different conclusion from that previously reached by the other district court, and consequently the judgment herein rendered was arbitrary, capricious, and constituted an abuse of judicial discretion.

Since this has been regarded as the main question in the case, a very careful review of the statement of facts has been made by this court, with the result that the evidence has been found amply sufficient to support the trial court's conclusions. No useful purpose, it is thought, would be subserved by restating and so perpetuating it in these records. The recitation of our finding from it is enough.

[4] In inquiries of this nature, where the well-being of minor children furnishes the sole occasion for the exercise of judicial power, a broad discretion is by law vested in the court which has the parties and the witnesses before it; when upon a full hearing of the facts that authority has been in due order of procedure applied, an appellate tribunal may not interfere where, as in this instance, the record before it fails to disclose either a lack of sufficient evidence to support the action taken below or a response to other than sound judicial considerations. Finding no reversible error, an affirmance will be ordered.

*Affirmed.*