### BURCKHALTER et al. v. CONYER et al.
(No. 808—4471.)

Commission of Appeals of Texas, Section B.
Oct. 24, 1928.

Anthony P. Nugent, of Kansas City, Mo., and Burgess, Owsley, Storey & Stewart, of Dallas, for plaintiffs in error.

John White and H. J. Yarborough, both of Dallas, for defendants in error.

LEDDY, J. Plaintiff in error Minnie Burckhalter, through habeas corpus proceedings in the district court of Dallas county, obtained a judgment awarding her the custody and possession of a minor child, which was reversed by the Court of Civil Appeals (275 S. W 606).

The writ of error was granted because of a conflict between the holding in this case and that of the Third Court of Civil Appeals in the case of Pittman v. Byars, 51 Tex. Civ. App. 83, 112 S. W. 102, and also with that of the First Court of Civil Appeals in the case of Foster v. Foster, 230 S. W. 1064.

While this cause was pending in the Supreme Court, an order was entered requiring plaintiffs in error to return the minor child, the subject-matter of this suit, from another state, to which they had transported her, to this state, in order that any judgment rendered herein might be made effective (285 S. W. 606).

The Supreme Court, upon our recommendation, dismissed the petition for writ of error because of the failure of plaintiffs in error to comply with said order. See 7 S.W.(2d) 73. Thereupon plaintiffs in error filed a motion for rehearing in which they expressed a willingness to have the minor child brought within this state and kept here until a final disposition of this case by the Supreme Court.

It has been made to appear to our satisfaction that the order has been fully complied with, hence we think the judgment dismissing the petition for writ of error should be set aside and the case considered on its merits.

The principal question to be determined is whether, in a proceeding by habeas corpus involving the possession and custody of a minor child, either party, upon proper demand, is entitled to a jury trial.

The writ of habeas corpus is a writ of right, designed to protect the individual against any character of illegal restraint. The efficacy of this writ lies in the prompt and speedy hearing given an applicant seeking the protection of its beneficent provisions. If the hearing under such writ can be delayed by the demand for a jury, its effectiveness would be largely impaired.

We think the refusal of a jury trial in such proceedings violates no constitutional right. This proposition is made clear in the able and well-reasoned opinion of Judge Rice in Pittman v. Byars, supra, in which we fully concur. The authorities sustaining this view are so fully collated and exhaustively reviewed in that case that we deem it unnecessary to discuss the matter more fully. The holding in that case was followed by the First Court of Civil Appeals in Foster v. Foster, 230 S. W. 1064.

We therefore hold that where the custody and possession of a child is not sought merely through an ordinary suit, but by invoking

the writ of habeas corpus, neither party thereto is entitled to a jury trial as a matter of right.

■ The Court of Civil Appeals also based its reversal of this cause upon the admission, over defendant in error's objection, of certain hearsay testimony. We agree with the conclusion that such evidence was improperly admitted. The trial, however, being to the court, and there being sufficient legal evidence in the record to support the findings of fact made by· the court, the presumption should be indulged that the judgment rendered was not affected by the improper evidence. Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Andrus v. Hornsby (Tex. Civ. App.) 238 S. W. 314; Creager v. Douglass, 77 Tex. 484, 14 S. W. 150; Clayton v. McKinnon, 54 Tex. 206.

We recommend that the motion for rehearing be granted and the judgment dismissing the petition for writ of error be set aside; that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. The judgment dismissing the writ of error is set aside, and the judgment of the Court of Civil Appeals is reversed, and that of the district court is affirmed, as recommended by the Commission of Appeals.