## Ex parte GIANNATTI.
### No. 11547.

Court of Civil Appeals of Texas.
San Antonio.
July 5, 1945.

Church & Church, of San Antonio, for appellant.

T. H. Ridgeway, Morriss & Morriss, and Clarence R. Boatwright, all of San Antonio, for appellee.

MURRAY, Justice.

This is an appeal by Martha N. Giannatti from an order of the 37th District Court of Bexar County denying her application for a writ of habeas corpus.

Martha N. Giannatti was temporarily committed to the San Antonio State Hospital of San Antonio, Texas, by the following judgment of the County Court of Bexar County, to-wit:

"This the 14 day of May, 1945, came on to be heard the question of the mental illness of Martha M. Giannatti and said Martha M. Giannatti appeared in open Court in person and the Court having heard evidence in said matter and the testimony of Doctor W. J. Johnson whose address is San Antonio, Texas, and Doctor J. A. McIntosh whose address is San Antonio, Texas, being two reputable physicians, authorized by the law to practice medicine in the State of Texas, and neither of whom is on the staff of any Texas State hospital, as to the mental illness of said person, and as to the welfare of herself, and others, finds that such person is not charged with a criminal offense, is neither feeble minded, an idiot, an imbecile, nor an epileptic, is mentally ill and the Court finds that the welfare of said person and/or others requires that such person should be temporarily committed for observation and/or treatment to a Hospital authorized by law to care for and treat mentally ill persons, as provided by law, for a period not to exceed ninety 90 days.

"It is therefore ordered That the said Martha M. Giannatti be and she is hereby temporarily committed to S. A. State Hospital, San Antonio, Texas, as provided by law, being a hospital authorized by law to receive, care for and treat mentally ill persons, for a period of not to exceed ninety (90) days from and after the date hereof, for observation, and/or treatment, and at the expiration of which said ninety (90) day period this order shall be and become of no further force and effect."

The object of the habeas corpus proceedings was to have this judgment declared absolutely null and void and thereby to secure the release of petitioner.

Appellant's first contention is that Article 3193o—1, Section 1, of Vernon's Annotated Civil Statutes is unconstitutional and void. It was under this provision of the statutes that the proceedings were had in the trial court whereby Martha N. Giannatti was temporarily committed to the State Hospital.

At an election held on August 24, 1935, the voters of Texas adopted Section 15, Article 1, of our State Constitution in its present form, Vernon's Ann.St., which reads as follows: "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. Provided, that the Legislature may provide for the temporary commitment, for observation and/or treatment, of mentally ill persons not charged with a criminal offense, for a period of time not to exceed ninety (90) days, by

order of the County Court without the necessity of a trial by jury."

It would seem that this section of the Constitution authorizes the Legislature to enact just such a statute as Article 3193o—1, Section 1, but appellant contends that Section 16, Article 5, of our Constitution fixes the jurisdiction of the County Court and that no jurisdiction is given such court as will authorize it to confine a person temporarily in a state hospital for being mentally ill without a jury trial for lunacy.

Section 16, Article 5, reads in part as follows: "The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law; * * *."

Here the County Court is given general jurisdiction as a Probate Court and may exercise the same in the manner provided by law. The County Court acted well within this jurisdiction when it committed appellant temporarily to a State Hospital in the manner provided for by Article 3193o—1, Section 1; Empire Mortgage Co. v. McFarland, Tex.Civ.App., 84 S.W. 2d 892; Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579; Goolsby v. Bush, Tex.Civ. App., 172 S.W.2d 758.

We conclude that the County Court under the constitution and statutes has general jurisdiction to commit persons who are mentally ill to State Hospitals for a period of not exceeding ninety days without first allowing a jury trial.

The habeas corpus proceedings herein constitute a collateral attack upon a judgment of the County Court which we have determined such court has general jurisdiction to render. The judgment recites the existence of facts which if true support the judgment. The judgment is valid in every way upon its face, and appellant will not be permitted in this collateral proceeding to contend that such judgment was erroneously or improperly rendered. Bearden v. Texas Company, Tex.Com.App., 60 S.W.2d 1031; Lipscomb v. Lofland, Tex.Civ.App., 141 S.W.2d 983; Livingston v. Stubbs, Tex.Civ.App., 151 S.W.2d 285; Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876.

Appellant cites the cases of White v. White, 180 Tex. 570, 196 S.W. 508; Loving v. Hazelwood, Tex.Civ.App., 184 S.W. 355; Barton v. State, 89 Tex.Cr.R. 387, 230 S. W. 989, but these cases were decided before the Constitution was amended, in August, 1935, and are therefore not in point here.

The judgment of the trial court is affirmed.