**STRODE et ux. v. SILVERMAN.**
No. 2837.

Court of Civil Appeals of Texas. Waco.

Jan. 20, 1949.

Rehearing Denied Feb. 17, 1949.

Carl Cannon, of Groesbeck, and Owen F. Watkins, of Mexia, for appellants.

W. W. Mason, of Mexia, and Bradley & Bradley and L. L. Geren, all of Groesbeck, for appellee.

HALE, Justice.

This is a child custody case. Appellee gave birth to the child in controversy on September 8, 1943. During the latter part of 1944 she placed the child in the possession of appellants who, without notice to her, procured an adoption decree in the court below on August 13, 1947. Upon learning that the decree of adoption had been entered, appellee instituted suit against appellants in the court below to have the same set aside. On December 2, 1947, the adoption decree was set aside and upon appeal to this court the judgment of the trial court was affirmed. For a full statement of the issues involved on the former appeal see: Strode et ux. v. Sil-

verman, Tex.Civ.App., 209 S.W.2d 415 (er. ref. n. r. e.).

Appellee instituted the present proceeding on December 29, 1947 by filing in the court below her application for a writ of habeas corpus based upon allegations that her daughter was being illegally restrained of her liberty by appellants. The writ was duly issued and served upon appellants, commanding them to produce the child in court on January 2, 1948 and show cause why they were holding her in custody. In response to the writ appellants filed a plea to the jurisdiction of the court alleging, among other things, that they had perfected their appeal to this court from the judgment of the trial court setting aside its prior decree of adoption, that they had superseded the judgment appealed from by a proper supersedeas bond and that a hearing on appellee's application for a writ of habeas corpus on January 2, 1948 would constitute an invasion upon the jurisdiction of this court over the subject matter involved in the pending appeal. The trial court overruled the plea of jurisdiction on December 31, 1947 and the next day this court, upon the application of appellants, issued a temporary restraining order, followed on January 20, 1948 by a temporary injunction and writ of prohibition, restraining appellee and prohibiting the court below from proceeding further on appellee's application for writ of habeas corpus until the pending appeal could be disposed of in this court.

The judgment of the trial court setting aside its prior decree of adoption was affirmed by this court on February 26th and appellants' motion for rehearing was denied on March 18, 1948. Appellants applied to the Supreme Court for a writ of error but their application was refused and their motion for rehearing on the application was overruled on June 2, 1948. One of the attorneys for appellee then contacted both of the attorneys representing appellants in order to ascertain whether their clients desired to contest the asserted right of appellee to the custody of her daughter under her pending application, advising that if such contest was desired he would insist upon a hearing of the same on June 12, 1948. Appellants filed their answer contesting the application of appellee on June 11th. The trial court heard the contested application on June 12, 1948 in the absence of appellants' counsel without the aid of a jury and rendered judgment awarding the child's custody to appellee.

On June 14th appellants filed in the cause their motion for new trial. They alleged therein that they did not have legal notice of the trial which was had on June 12th and were thereby prevented from presenting to the court their testimony showing they were entitled to the child's custody; that on appearance day, June 8, 1948, the cause had been set down in open court for a trial to be had on June 21, 1948; that appellants' counsel had then requested a jury for the trial and had duly deposited a jury fee; that the trial court had failed to order a jury for the trial on June 12th; and that neither appellants nor their attorneys had been given legal notice of the change in the date of the trial from June 21st to June 12th. The motion for new trial was submitted to the court below upon an agreed statement of facts consisting of 11 ex-parte affidavits, including those of the trial judge and each of the attorneys for both parties, and was overruled.

Appellants say the trial court erred in overruling their motion for new trial because the right of a litigant to be represented by counsel of his selection, familiar with the cause, is a valuable right, and that an unwarranted denial of such right constitutes ground for a new trial. They further say that where a jury has been applied for in a civil action and the jury fee has been paid, a jury trial is imperative in the absence of a withdrawal of the application or a waiver of such right and that the absence of a party demanding a jury trial or of his attorneys when the case is called for trial is not sufficient to constitute a waiver of the right of a jury trial.

■ We fully recognize the valuable right of any litigant to be represented in the trial of his case by counsel of his own selection. However, the mere absence of counsel from the trial does not necessarily constitute an unwarranted denial of such right so as to require a new trial. Ordinarily, before a new trial will be granted

upon that ground it is necessary for the complaining party to allege in his motion and to submit proof upon a hearing thereof showing that his failure to be represented at the trial was not due to his fault or negligence, or that of his counsel, and that he has a meritorious defense to the cause of action asserted against him. 31 Tex.Jur. p. 76, Sec. 67; Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124; Yellow Transit Co. v. Klaff, Tex.Civ.App., 145 S.W.2d 264 and authorities; Maeding v. Maeding, Tex.Civ.App., 155 S.W.2d 991; Jaresh v. Jaresh, Tex.Civ.App., 179 S.W.2d 533; O'Quinn v. Tate, Tex.Civ.App., 187 S.W.2d 241 (er. ref.).

 Upon the hearing of their motion for new trial appellants submitted four affidavits and appellee submitted seven affidavits. The evidence thus submitted on behalf of appellants tends to show that on June 8th the cause was set down in open court for a trial to be had on June 21st and that appellants' counsel relied upon such setting. On the other hand, the evidence submitted on behalf of appellee, including the affidavit of the trial judge, tends to show that on or about June 3rd the trial judge set the cause for trial on June 12th and that counsel for appellants were advised of such setting; that on the morning of June 8th one of the attorneys for appellants requested the court to set the cause for trial on June 21st and the court tentatively granted such request, subject to the approval of counsel for appellee; that the attorneys for appellee would not approve the tentative change of setting; that one of the attorneys for appellants was advised by the trial judge in the corridor of the Court House on the morning of June 12th that appellee and her counsel were then present in the Court Room insisting upon a trial, but the attorney for appellants refused to go into the Court Room and went immediately to the home of appellants where he conferred with them about the case; and that the trial judge sent two deputy sheriffs to the attorney for appellants, requesting that he come to court before the trial was had and that the attorney refused to do so. The evidence further indicates that after appellants had conferred with their attorney on the morn-ing of June 12th they immediately left their home in Limestone County, taking the child with them, and neither the child nor the appellant, J. W. Strode, could be found by the sheriff of Limestone County for the service of further writs and process until some time after June 19th.

The trial judge did not file any findings of fact under the evidence submitted on the hearing of appellants' motion for a new trial and no request was made therefor. Consequently, we must presume that he resolved all controlling issues of fact raised by the evidence so submitted in such manner as to support his action in overruling the motion. In our opinion, the evidence was sufficient to sustain findings that the absence of appellants and their counsel from the trial resulted from a lack of due diligence on their part and we are bound by such implied findings. Jagoe Construction Co. v. Harrison, Tex.Civ. App., 28 S.W.2d 232 (er. dis.).

 Furthermore, we find no evidence in the record now before us showing or tending to show any defense or reason why appellants were holding the child in their custody on June 12, 1948. There was no recitation of fact in any of the eleven affidavits from which it might be inferred that appellants were then entitled to the child's custody or that its best interest would be served by remanding its custody to them.

Therefore, we cannot say as a matter of law that the absence of appellants' counsel from the trial under the circumstances shown by the evidence submitted on the hearing of their motion for new trial constituted a sufficient ground to require the court below to grant the motion.

 We also appreciate the valuable right of a litigant in an ordinary civil action to have his case tried before a jury. However, this is not an ordinary suit for the custody and possession of a child, but is an action wherein relief is sought by invoking a writ of habeas corpus. As said in the case of Burckhalter v. Conyer, Tex. Com.App., 9 S.W.2d 1029: "The writ of habeas corpus is a writ of right, designed to protect the individual against any character of illegal restraint. The efficacy of this writ lies in the prompt and speedy

hearing given an applicant seeking the protection of its beneficent provisions. If the hearing under such writ can be delayed by the damand for a jury, its effectiveness would be largely impaired." It was expressly held in that case that where the custody of a child is sought by invoking the writ of habeas corpus, neither party to the proceeding is entitled to a jury trial as a matter of right. See also Pittman v. Byars, 51 Tex.Civ.App. 83, 112 S.W. 102; Duckworth v. Thompson et ux., Tex.Com. App., 37 S.W.2d 731.

Finding no reversible error in the record, all of appellants' points are overruled and the judgment and order appealed from are affirmed.