**ERWIN et ux. v. WILLIAMS et al.**

**No. 3061.**

Court of Civil Appeals of Texas. Waco.

Nov. 20, 1952.

Rehearing Denied Dec. 11, 1952.

Owen F. Watkins, Mexia, for appellants.
Joe Schultz, Groesbeck, for appellees.

HALE, Justice.

This proceeding involves the custody of four boys, viz.: James, 8 years of age; Samuel, 7 years of age; and Jerry and Eugene, twins, each 5 years of age. On April 27, 1951, the County Attorney of Limestone County filed his verified petition in the court below against appellants herein, they being the father and mother of the four boys, alleging that each boy was a dependent and neglected child, in that they did not have proper parental care; that the father of the children had "no independent means of support, and must be away from home working to provide food and other necessary material things for said children; that the mother of said children is mentally defective, and is neither mentally nor physically able to look after the children; that said children are retarded, sickly and require medical aid, which the parents are unable to furnish; that said children are not looked after during the day, do not make those contacts with other children essential and necessary, and the home environment is not good, this specially due to the mental condition of their mother, who is not men-

tally able to guide and direct the children, and the father being away at work most of each day." Petitioner prayed that appellants be cited to appear and answer the petition; that upon a hearing thereof each of the children be adjudged a dependent and neglected child; and that the children be committed to some proper institution or person as in such cases is provided by law.

On May 1, 1951, appellants personally appeared in the court below, all parties at interest waived a jury and the court, after hearing the petition, evidence and statement of the parties, found the allegations in the petition to be true, and that the welfare of the children demanded their commitment as set forth in the court's decree. Thereupon the court adjudged each of the children to be a dependent and neglected child under the laws of the State of Texas and decreed that the parental rights of the parents over them be terminated; that Samuel and Eugene be committed to the Waco State Home; that James and Jerry be committed to Miss Jane Williams in her capacity as an employee of the State Department of Public Welfare of the State of Texas, with instructions that James be placed by Miss Williams in Sweeney Camp for Diabetics, and that Jerry be left in the custody of Mr. and Mrs. Mark Lance of Hillsboro; that none of the children be placed for adoption, that the parents be permitted to visit them at all reasonable times and that each child remain a ward of the court, subject to its supervision and jurisdiction.

On January 30, 1952, appellants filed in the court below their verified petition for writs of habeas corpus directed to Miss Williams, Waco State Home, Mr. and Mrs. Mark Lance and Mr. and Mrs. J. B. Moses, commanding them to produce before the court each of the children theretofore entrusted to their custody. In their petition appellants as relators alleged the substance of the facts hereinbefore set forth and pleaded such additional facts as they deemed sufficient to show such a change of conditions subsequent to May 1, 1951 as to entitle them to the custody of the children. Miss Williams, Waco State Home, Mr. and Mrs. Lance and Mr. and Mrs.

Moses filed in due time their respective answers to the petition of appellants, such answers consisting of pleas in abatement, special and general denials and affirmative defenses.

On April 16, 1952, appellants as relators in their petition for writs of habeas corpus appeared in person and by their attorney and appellees as respondents therein also appeared in person and by their attorneys. Thereupon, appellees as respondents presented their motion to discharge the jury which had been called to aid the court in the trial of the issues raised by the petition of appellants and the answers of appellees thereto. The court sustained the motion and discharged the jury and appellants duly excepted. Appellants then presented their evidence to the court and after they had rested their case appellees presented their motion for judgment. The court granted the motion of appellees and rendered judgment that appellants take nothing by their suit.

By appropriate points in their brief appellants say the trial court erred in discharging the jury which had been summoned to try the cause and in rendering judgment that they take nothing by their suit. They contend that the action of the court in refusing them a jury trial was in violation of Arts. 2334 and 2337 of Vernon's Tex.Civ.Stats. and that the judgment denying them any relief was erroneous because the undisputed evidence adduced upon the hearing showed their prior surrender of the possession of their children was only temporary, conditioned solely upon the recovery of the mother and children from their illness and the recovery of the father from his financial straits, and since the uncontradicted evidence showed such recovery they were entitled as a matter of law to have the custody of the children returned to them. We cannot agree with either of these contentions for reasons which we shall note briefly.

■ Arts. 2334 and 2337 of Vernon's Tex.Civ.Stats. are parts of an Act adopted by the Legislature of Texas in 1907 relating to dependent and neglected children.

The act provides in substance, among other things, that any person interested in any case brought under the provisions thereof "may appear therein and may be represented by counsel, and may demand a jury as in other cases." In any such case, findings of a jury with respect to whether a minor under sixteen years of age is or is not a dependent or neglected child as defined in the Act, if supported by evidence, is binding on the courts. Mitchell v. Davis, Tex.Civ.App., 205 S.W.2d 812, er.ref. However, the cause of action asserted by appellants herein was not brought under the provisions of Arts. 2330–2338–1 of Vernon's Tex.Civ.Stats. for the purpose of determining whether the four boys involved in this proceeding were or were not dependent or neglected children. That issue had already been determined by the prior decree of the court as rendered on May 1, 1951, and appellants did not seek in this proceeding to have the prior decree set aside or to have their pre-existing parental rights over the children reinstated. They merely sought by means of their application for writs of habeas corpus to regain custody of the children in an independent action based upon allegations that a material change of conditions after the rendition of the prior decree was sufficient to justify and require a change of custody. Our courts have held repeatedly and consistently that where the custody of a minor child is sought by such a proceeding, the findings of the jury as to the minor's best interests are advisory only and that no party to such proceeding is entitled as a matter of right to a jury trial. Joseph v. Puryear, Tex.Civ.App., 273 S.W. 974; Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731; Turk v. McLure, Tex.Civ. App., 63 S.W.2d 1049, er.dis.; Strode v. Silverman, Tex.Civ.App., 217 S.W.2d 454, er.ref. See also: Hickman v. Smith, Tex. Civ.App., 238 S.W.2d 838, er.ref.

■ Byron Erwin, the father of the boys, was the only witness who testified at the hearing on the petition of appellants. He testified in effect that a representative of the State Department of Public Welfare told him and his wife prior to May 1, 1951 that if they would voluntarily

surrender the possession of their children, the department would see that the children were properly cared for until he recovered from his financial difficulties and his wife and children recovered from their illness, and when those contingencies had arisen the children would be returned to them, and that he relied upon the promises so made. While he further testified that he had received a raise in wages subsequent to May 1, 1951, and that the health of his wife and oldest boy had improved since that date, we cannot say from his testimony as a whole that his financial status or the mental condition of his wife had improved to such extent at the time of the trial as to require the court below to change the custody of the children. Although it is regrettable that a situation has arisen which has resulted in depriving parents of the custody of their offspring, it was the duty of the trial judge, under the circumstances in evidence, to base his decision not upon considerations of sympathy for the parents but upon what he considered to be for the best interest and highest welfare of the children. Oldfield v. Campbell, Tex.Civ. App., 191 S.W.2d 897; Stevens v. Denton, Tex.Civ.App., 195 S.W.2d 796; Pena v. Snare, Tex.Civ.App., 196 S.W.2d 207.

Accordingly, the judgment appealed from is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.