Thomas J. WALSH, Jr., Appellant,

v.

Emory M. SPENCER, Appellee.

No. 12714.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 20, 1954.

Rehearing Denied Jan. 19, 1955.

North, Blackmon & White and Luther E. Jones, Jr., Corpus Christi, Clark C. Wren, Rockport, for appellant.

Ward & Brown, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This proceeding was instituted in the District Court of Aransas County by Emory M. Spencer, under the provisions of Art. 7345b, Vernon's Ann.Civ.Stats., Acts 1953, 53d Legislature, p. 391, Chapter 108, § 1, seeking to recover a certain excess fund in the amount of $3,806.69, which remained in the State Treasury after the payment of all expenses chargeable against the proceeds of a tax foreclosure sale. This fund was owned by the heirs of Thomas J. Walsh, Sr., deceased, and Spencer claimed that these heirs had assigned to him all of their rights in the fund and therefore he was entitled to recover the fund.

All of the heirs filed a disclaimer except Thomas J. Walsh, Jr., and the contest here was as to his interest in this fund.

The trial judge found that Emory M. Spencer was the assignee and was entitled to recover the entire excess fund of $3,806.-69, including the one-fifth interest claimed by Thomas J. Walsh, Jr., and rendered judgment accordingly, from which judgment Thomas J. Walsh, Jr., has prosecuted this appeal.

Appellant contends that there is no evidence to warrant the court in finding that he had assigned his one-fifth interest in the excess fund to appellee. Appellee was desirous of securing for himself an assignment of this excess fund held by the State Treasurer of Texas and belonging to the five heirs of Thomas J. Walsh, Sr., deceased. To accomplish this he employed one N. B. Marye to procure these assignments for him. Assignments were procured from the other heirs, and no question is here raised as to these assignments. The only question being as to whether Marye secured an assignment from Thomas J. Walsh, Jr., who resided in Chicago. On June 15, 1953, appellant executed a deed conveying to appellee all of his interest in the land which had theretofore been sold for taxes and out of which foreclosure the excess fund herein involved had arisen. This deed was not sufficient to convey any interest that appellant had in the excess fund, because the land had already been sold and the excess fund deposited with the State Treasurer, and therefore it was no part of the real estate. Appellant's right to an interest in the fund had become a chose in action. Broadway v. Stone, Tex.Com. App., 15 S.W.2d 230; Vann v. Bowie Sewerage Co., 127 Tex. 97, 90 S.W.2d 561.

The deed being insufficient as an assignment of appellant's interest in the excess fund, we come to the consideration of whether appellant executed an alleged assignment of his interest in the excess fund to appellee. The trial judge found that appellant did execute such an assignment, and

set it out in full in his Finding of Fact Number 4, but we have been unable to find any such instrument in the Statement of Facts. Appellant has challenged appellee to point out where in the statement of facts such assignment or description thereof may be found. This challenge has not been accepted by appellee, and as we find no such assignment in the record, we must conclude that it was not introduced in evidence.

■ The record shows that appellee did send to appellant a check in the sum of $337.50, which he cashed and retained the proceeds thereof, but this fact does not show that appellant assigned his interest in the excess fund. Appellant has tendered this sum of $337.50 into court.

The record further shows that Marye called Thomas J. Walsh, Jr., by long distance telephone, and this conversation was to the effect that Walsh had received an instrument from John Walsh of Houston, Texas, and had signed and returned it, but the record fails to show that this instrument was an assignment of appellant's interest in the excess fund.

■ The judgment of the trial court will be reversed insofar as it awards the one-fifth interest in the excess fund claimed by appellant to appellee, but the judgment in all other respects will be affirmed.

Judgment will here be rendered that appellant recover a one-fifth interest in the excess fund, amounting to the sum of $761.34.

The Comptroller of Public Accounts of Texas will issue his warrant on the Treasury of this State against such trust funds for the payment of the sum of $3,045.35 to appellee, Emory M. Spencer, and a similar warrant in the sum of $761.34, to appellant, Thomas J. Walsh, Jr.

What we have decided above makes it unnecessary for us to pass upon the question of whether appellant was improperly denied a trial before a jury.

Our original opinion herein has been withdrawn and this opinion substituted for it.

Affirmed in part, reversed and rendered in part.

On Motion for Rehearing.

Appellee has filed a motion for rehearing herein, among other things, contending that this Court was in error in reversing and rendering judgment, and that in any event we should have remanded the cause for a new trial.

■ We have concluded that inasmuch as this case is not fully developed, the ends of justice will be best served by a remanding in part of the cause rather than a rendition of judgment here. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458; Faulkner v. Reed, Tex.Com.App., 241 S.W. 1002; Long v. Long, 133 Tex. 96, 125 S.W.2d 1034.

■ Appellant has filed a second motion for rehearing asking that we re-tax the costs in the trial court. In view of the fact that the cause is to be remanded, we overrule this motion. The trial court can adjudge the costs in keeping with the result of the new trial.

■ It is true that Art. 1, § 15, of our Constitution, Vernon's Ann.St., only guarantees a trial by jury if one was provided for by common law, or by a statute in effect at the time of the adoption of our present Constitution in 1876. Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Burckhalter v. Conyer, Tex.Com.App., 9 S.W.2d 1029; Pittman v. Byars, 51 Tex. Civ.App. 83, 112 S.W. 102; Foster v. Foster, Tex.Civ.App., 230 S.W. 1064. Art. 1, § 15, supra, provides, among other things, that "The right of trial by jury shall remain inviolate." This provision and all similar provisions to be found in the Federal Constitution and in the Constitutions of other States, are uniformly held to guarantee a trial by jury in all cases where one was provided for by the common law, or by some statute in effect at the time of adopt-

ing such constitutional provisions. In 31 Am.Jur. 564, § 15, the rule is thus stated:

"The guaranties of the right of trial by jury as contained in the Federal Constitution and the constitution of the several states are generally construed as guaranties of the right as it existed under the common law, and in the absence of any explicit provision in regard to the character of causes in which the right may be insisted upon, these guaranties are deemed to apply only to causes and remedies which under the common-law system are cognizable in the law courts, and in which, by the common law, there is or would be a right to a jury trial. They do not as a general rule apply to suits in equity or causes cognizable only in courts of equity, to suits in admiralty, or to special or summary proceedings unknown to the common law and of substantially different character from actions at common law. In all such cases the legislature may extend or limit the right without violating the Constitution. The legislature may create new rights unknown to the common law, and provide for their determination without a jury; it may also organize new tribunals without common-law powers to adjudicate such new rights without a jury."

However, the provisions of Art. 5, § 10, of our Constitution are much broader than those of Art. 1, § 15, insofar as the trial of causes in the district court is concerned. Art. 5, § 10, provides: "In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury * * *." The meaning of this section was discussed by Chief Justice Gaines in Tolle v. Tolle, 101 Tex. 33, 104 S.W. 1049, 1050. He said: "Language cannot be more comprehensive than this. Hence, if a probate proceeding is properly styled a 'cause,' this section undoubtedly gives a right of trial by jury. Bouvier defines a 'cause' as: 'A suit or action; any question civil or criminal contested before a court

of justice.' The questions in this case are certainly questions contested before a court."

There are a number of proceedings in the district courts, however, in which a trial by jury may be denied. Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227 (Proceeding to cancel license to sell liquor.); Hammond v. Ashe, 103 Tex. 503, 131 S.W. 539 (Primary election contest.); McCormick v. Jester, 53 Tex. Civ.App., 306, 115 S.W. 278 (Contest of local option election.); Ex parte Giannatti, Tex.Civ.App., 189 S.W.2d 191 (Committing mentally ill persons to state hospital for period of ninety days.); Hickman v. Smith, Tex.Civ.App., 238 S.W.2d 838 (Adoption proceedings.); Burckhalter v. Conyer, Tex.Com.App., 9 S.W.2d 1029; Erwin v. Williams, Tex.Civ.App., 253 S.W. 2d 303 (Habeas corpus for custody of child). However, none of the reasons or principle upon which these cases have been decided is involved here.

■ It is true that this suit was brought under the provisions of Art. 7345b, Vernon's Ann.Civ.Stats., but the controversy here is not between the State and a party to the original tax foreclosure proceeding, but between parties at least one of whom was not a party to the original suit. Appellee Spencer claims only as an assignee of appellant, Thomas J. Walsh, Jr. There is a disputed fact issue here between these two parties as to who owns the one-fifth interest of the excess fund in question, and they are entitled to have that fact issue decided by a jury. 35 C.J. 187, § 84; 50 C.J.S., Juries, § 70. The rule is even broader in Texas where a jury trial may even be had in an equity suit. Franzetti v. Franzetti, Tex.Civ.App., 120 S.W.2d 123.

Accordingly, the judgment rendered by us on October 20, 1954, will be set aside and judgment now rendered as follows:

The judgment of the trial court will be reversed insofar as it awards the one-fifth

interest in the excess fund claimed by appellant to appellee, amounting to the sum of $761.34, and adjudging the cost of the trial court against appellant, and this part of the cause is remanded for a new trial. The judgment in all other respects is affirmed.

The Comptroller of Public Accounts of Texas will therefore issue his warrant on the State Treasury against such trust funds, now in possession of the State Treasurer, for the payment of $3,045.35 to appellee, Emory M. Spencer; and the State Treasurer shall continue to hold the balance of such trust fund, amounting to $761.34, until he receives further orders from the court. The cost of this appeal is taxed against appellee.

Affirmed in part, reversed and remanded in part.