

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 11, 1951

Hon. Larry O. Cox
Executive Director
Board for Texas State
  Hospitals and Special Schools
Austin, Texas

Opinion No. V-1141.

Re: Legality of admit-
ting an habitual
drunkard to a State
hospital under a
commitment made by
a county judge.

Dear Sir:

    We quote from your opinion request as follows:

    "Recently several commitments of habitual drunkards have been made by county judges to State hospitals for the insane. Some of the commitments have been by jury trial, as set out in Title 92 of Vernon's Civil Statutes. Other commitments have been for a period of ninety (90) days as set out in Article 3193o-1 of Vernon's Civil Statutes. The judgments in each of the cases adjudged the person to be an 'habitual drunkard' instead of a 'person of unsound mind.' However, the judgment ordered the person committed to a State hospital.

    "It is our interpretation that a person would have to be adjudged mentally ill to be committed under Article 3193o-1, or would have to be declared a person of unsound mind under Title 92.

    "It is evidently the interpretation of some county judges that the aforementioned statutes will allow a commitment of an habitual drunkard.

    "Please advise whether or not an habitual drunkard can be legally committed under the provisions of either Article 3193o-1 or Title 92."

With respect to the commitment to the insane asylums operated by this State of persons adjudged under the provisions of Title 92, Vernon's Civil Statutes, Articles 5554 and 5557, V.C.S., provide in part:

Art. 5554. "Upon return of a verdict finding that the defendant is of unsound mind and that it is necessary that he be placed under restraint, judgment shall be entered adjudging the defendant to be a person of unsound mind and ordering him to be committed for restraint and treatment to any insane asylum operated by the State of Texas in which there may be available room, . . ."

Art. 5557. "Immediately after any person is adjudged a person of unsound mind, the county judge shall communicate with the superintendents of the insane asylums within this State, and if it is ascertained that there is a vacancy in any of such asylums, or that the patient may be accommodated therein, he shall issue his warrant to the sheriff or to some other suitable person directing him to convey the person of unsound mind to the asylum designated in such warrant, . . ." (Emphasis added throughout.)

Under Article 5552, V.C.S., before one charged with being of unsound mind can legally be committed indefinitely to a State hospital, there must be a jury verdict not only that he is of unsound mind but that his mental condition is such as to render it necessary that he be placed under restraint. Hatton v. State Board of Control, 146 Tex. 160, 204 S.W.2d 390 (1947).

With respect to mentally ill persons adjudged and committed under the provisions of Article 3193o-1, V.C.S., it is provided

"Section 1. (a) If information in writing and under oath be given to any County Judge that any person in his county who is not charged with a criminal offense, is believed to be mentally ill, and that the welfare of himself and/or others requires that he be placed in a State hospital for the mentally ill for not exceeding ninety

(90) days for observation and/or treatment,
and such County Judge shall believe such
information to be true, he shall forthwith
. . . fix a day and place for the hearing
and determining of the matter, . . . and
shall give notice to such person of the time
and place of such hearing. If, upon the hear-
ing of such matter, two (2) reputable physi-
cians authorized by law to practice medicine
in the State of Texas, neither of whom is on
the staff of any Texas State Hospital, and
each of whom has examined the person alleged
to be mentally ill within the preceding five
(5) days of said hearing, shall swear that in
each of their professional opinions such per-
son is mentally ill, is neither feebleminded,
an idiot, an imbecile, nor an epileptic, and
that in his opinion such person should be
temporarily committed for observation and/or
treatment to some State hospital authorized
by law to care for and treat mentally ill per-
sons, and if thereupon the County Court finds
that such person should be temporarily commit-
ted to a State hospital for observation and/or
treatment, he shall so state in his order of
commitment which shall be entered upon the
minutes of said Court and a writ of commit-
ment issued thereupon committing said person
temporarily for observation and/or treatment
to some State hospital authorized by law to
care for and treat mentally ill persons."

It was held in Ex parte Giannatti, 189 S.W.2d
191 (Tex.Civ.App. 1945) that under Article I, Section 15
of the Constitution of Texas and Article 3193o-1, V.C.S.,
a county court has general jurisdiction to commit persons
who are mentally ill to State hospitals for a period of
not exceeding ninety days without first allowing a jury
trial. See Att'y Gen. Ops. O-4411 (1942), V-86 (1947).

Article 4102, V.C.S., relates to the appointment
of a guardian for "persons of unsound mind and habitual
drunkards." Subsections 3 and 4 of Article 4104, V.C.S.,
define for purposes of guardianship: (1) persons of un-
sound mind as "idiots, lunatics and insane persons," and
(2) habitual drunkard as "one whose mind has become so im-
paired by the use of intoxicating liquors or drugs that he
is incapable of taking care of himself." Thus, Article
4104 does not classify persons who may be habitual drunk-
ards with persons defined to be of unsound mind. Nor do

other legal definitions of "habitual drunkard" impute mental illness or insanity. 19 Words and Phrases (Perm. Ed. 1940) 29; 2 Bouvier's Law Dictionary (8th Ed. 1914) 1409. The law entertains a distinction between a person "of unsound mind" and one who is an "habitual drunkard." See also Arts. 4121-4123, 4267 et seq., V.C.S.; Greenwood v. Furr, 251 S.W. 332 (Tex.Civ.App. 1923).

We find no intendment, expressed or implied, in the laws governing our State hospitals for the mentally ill or in those laws governing the commitment of persons to such institutions, that such hospitals are to be used as sanatoriums for persons designated or adjudged as habitual drunkards. It may be that in the medical or other fields of science an habitual drunkard is regarded as a person who is mentally ill or of unsound mind. But the laws herein cited authorize the commitment to our State hospitals for the mentally ill of only those persons legally adjudged or found to be of unsound mind or mentally ill. Arts. 5554 and 3193o-1, supra. They do not authorize the commitment temporarily or otherwise of persons adjudged or found to be merely habitual drunkards.

We do not mean to infer herein that an habitual drunkard cannot be adjudged to be a person of unsound mind and indefinitely committed as a person of unsound mind to a State asylum, nor that an habitual drunkard cannot be found to be a person who is mentally ill and temporarily committed, as a person adjudged mentally ill, to a State asylum for observation or care for his mental illness. But it does not follow, merely because some habitual drunkards may properly be determined or adjudged to be persons of unsound mind or persons mentally ill, that all habitual drunkards are, in legal contemplation, unsound of mind or mentally ill.

## SUMMARY

A person adjudged or found to be an habitual drunkard cannot legally be committed under such finding or adjudication, temporarily or otherwise, to the State hospitals and asylums authorized to care for and treat mentally ill persons.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Assistant

Charles D. Mathews
First Assistant

CEO:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Chester E. Ollison
Chester E. Ollison
Assistant