Charles J. Lieck, Jr., Dist. Atty., John G. Benavides and H. F. Garcia, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

This is an appeal from an order revoking probation and imposing a sentence of five years for the possession of codeine, a narcotic drug.

On November 14, 1956, appellant plead guilty in Criminal District Court No. 2 of Bexar County; the imposition of sentence was suspended, and she was placed on probation, the conditions of which were that she "remain in the custody of the Sheriff until admitted to the Hospital at Lexington, Kentucky; that she remain in the Hospital until medically discharged and at such time that she report to the probation officer of Bexar County for further terms of probation."

At the hearing on revocation, it was established that appellant was admitted to the hospital on December 2, 1956, but that she was discharged on January 31, 1957, "against medical advise," and that since such discharge she had failed to "report to the probation officer of Bexar County," but was arrested in New York City on July 2, 1958.

Appellant's contention is that the terms of probation were too vague to be enforced in these respects:

1. That there was no condition that she be discharged "with medical approval," and

2. That no time was set in which she was required to report to the probation officer of Bexar County for further terms of probation.

Appellant cites as her only authority Ex parte Pittman, 157 Tex.Cr.R. 301, 248 S.W. 2d 159. We cannot agree that Pittman supports either of appellant's contentions, nor are we aware of any authority which would do so.

We have concluded that the terms of probation were sufficiently definite and that a violation of each of them has been shown.

The judgment is affirmed.

Mrs. Densel Brannum BOOKER, Appellant,

v.

CAMERON COUNTY CHILD WELFARE UNIT, Appellee.

No. 13413.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 14, 1959.

---

Polk Hornaday, Harlingen, for appellant.

Juan Gavito, F. T. Graham, Brownsville, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Mrs. Densel Brannum Booker from a judgment of the District Court of Cameron County, refusing to return to her the custody and care of her five minor children, namely, Veda, David Russell, Dale Roe, Densel, Rena Jo, all of the surname Booker, and terminating all of her parental rights over these five children and awarding their care, custody and control to Jose Ricardo Villarreal, Director of the Cameron County Child Welfare Unit and his successors in office, subject to the further orders of the court.

■ Appellant's first point is that she was denied a jury trial. The record does not show, either by bill of exception or in any other proper way, that she made a timely demand for a jury, but, regardless of this, in a hearing under the provisions of Articles 2330 to 2337, Vernon's Ann.Civ. Stats., relating to dependent or neglected children, a jury sits only in an advisory capacity and the court is not bound by the jury's finding. Therefore, it is not error for the court to overrule a request for a jury trial in a case of this type. Bee v. Robbins, Tex.Civ.App., 303 S.W.2d 827; Erwin v. Williams, Tex.Civ.App., 253 S.W. 2d 303.

■ Appellant's next point is as follows:

"The judgment of the Court is contrary to the law and evidence, there being some testimony favorable to the mother, appellant; and no testimony against her."

It appears from the record that there had been a prior hearing of this case on January 24, 1957. The parents were present at this hearing and judgment was rendered declaring these same five children to be dependent and neglected children, and awarding their custody to the Cameron County Child Welfare Unit, without prejudice to the rights of the parents of said children or either of them to petition the court to return the custody of said children or any of them to said parents, within the period of one year, upon a proper showing that said parents or either of them is in a position to maintain the proper care and custody of said children. Within the one-year period the mother, Mrs. Booker, filed the present petition to have the custody and care of the children returned to her. We have read the entire statement of facts and find that the action taken by the trial court was justified and supported by the evidence. Mr. Booker, the father, has now left home and appellant does not know his whereabouts. Mrs. Booker has suffered with some kind of nervous trouble for a long time, and she is now the mother of a young baby that she is breast feeding, and for this and other reasons she is unable to work. She has no income and would have to depend upon charity for the support of herself and her children. We feel it would serve no useful purpose to set out the facts in great detail.

The judgment is affirmed.