Ashleigh Elise TEEL, Appellant,

v.

Kenneth Richard SHIFFLETT,
Appellee.

No. 14–08–00836–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 23, 2010.

Rehearing En Banc Overruled
April 22, 2010.

W. Joel Bryant, Houston, for appellant.

Sean Cody, Houston, for appellee.

Panel consists of Justices YATES, FROST, and BROWN.

## MAJORITY OPINION

KEM THOMPSON FROST, Justice.

This is an appeal from a protective order entered against a man's former girlfriend after the trial court determined that the former girlfriend committed family violence against him and was likely to commit family violence in the future. In four issues, the former girlfriend challenges (1) the constitutionality of the statute under which the protective order was issued, (2) a recitation in the judgment that the parties were "intimate partners" pursuant to 18 U.S.C. §§ 922(g)(8) & 921(a)(32), (3) the legal and factual sufficiency of the evidence to support a finding that the former girlfriend was a household member, and (4) the legal and factual sufficiency of the evidence to support a finding that family violence is likely to occur in the future. We modify the judgment to delete the intimate-partners finding and we affirm the trial court's judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant Ashleigh Elise Teel and appellee Kenneth Richard Shifflett began dating in April 2007. Sometime after they met, they learned that Teel was pregnant, and they planned to marry each other on July 7, 2007. In anticipation of the marriage, Teel moved her belongings into Shifflett's house on July 4, 2007. The next day Shifflett left the house to go to work, but when he realized he had left his wallet at home, he returned home to retrieve it. Teel told Shifflett that she had taken the wallet. Teel testified that she was angry with Shifflett so she hid his wallet from him. Teel began throwing items in the house and kicked Shifflett's dog. She also picked up a knife and moved toward Shifflett. As Shifflett struggled with Teel to take the knife away, his hand was cut. After Shifflett took the knife, Teel left the house. When Teel returned later the same day, she burned Shifflett's arm with the cigarette she had been smoking. Teel and Shifflett struggled, and Teel kicked Shifflett in the groin. She retrieved the knife from the kitchen and began slashing Shifflett's clothes and other belongings. After Shifflett called the police, Teel locked herself in a bedroom. When the police arrived Teel refused to put down the knife until the police officers used a taser to subdue her.

On March 8, 2008, Shifflett went to a bar called Molly's with some friends. When he arrived, someone told him Teel had been in Molly's, so he and his friends left Molly's and went to ZZ Gators bar. After Shifflett entered ZZ Gators, Teel approached him and hit him in the head. Teel and Shifflett engaged in a heated discussion, and the bartender asked Teel to leave the bar.

On April 18, 2008, Shifflett filed an application for a protective order alleging that he and Teel lived in the same household and that Teel had engaged in conduct that constituted family violence as defined in section 71.004(1) of the Texas Family Code. Shifflett requested that this application be served on Teel; however, our record does not reflect when any service was accomplished. On April 23, 2008, the trial court signed a temporary protective order. In this order, the trial court directed the district clerk to give notice to Teel regarding the hearing on Shifflett's application. The appellate record reflects that this order was mailed to Teel on April 23, 2008.

On May 19, 2008, Teel demanded a jury trial and paid the jury fee. On that same day, Teel filed a motion to dismiss and an original answer. On June 3, 2008, the trial court conducted a hearing on Shifflett's application. Teel's counsel noted that, under the Texas Family Code, the trial court, rather than a jury, must make the findings regarding an applicant's entitlement to a protective order regarding family violence; however, Teel's counsel asserted that this statute is unconstitutional to the extent it deprived Teel of a jury trial regarding Shifflett's application for a protective order. The trial court denied Teel's request for a jury trial.

At trial, Teel testified and admitted that she had burned Shifflett's arm with a cigarette and brandished a knife on July 5, 2007. She further admitted that she hit Teel at ZZ Gators on March 8, 2008. Teel maintained that her actions on both occasions were necessary to defend herself.

At the conclusion of the hearing, the trial court found that Teel and Shifflett had formed a household and that Teel was a member of the household. The court further found that Teel committed family violence on two occasions (July 5, 2007 and March 8, 2008) and was likely to commit family violence in the future. The trial court's written order reflected its oral findings, but also included the additional find-

ing that Teel and Shifflett "were intimate partners pursuant to Title 18, United States Code, sections 922(g)(8) and 921(a)(32)."

## Constitutional Challenge

■ In her first issue, Teel argues that she was entitled to a jury trial because the parts of the Family Code requiring the trial court, rather than a jury, to make the fact findings regarding Shifflett's application violate Teel's right to a jury trial under article I, section 15 and article V, section 10 of the Texas Constitution. *See* Tex. Const. art. I, § 15; Tex. Const. art. V, § 10; Tex. Fam.Code Ann. §§ 81.001, 85.001 (Vernon 2008). We presume that the challenged parts of the Texas Family Code are constitutional. As the party challenging the constitutionality of a statute as applied, Teel had the burden of proving all facts necessary to show that these statutes are unconstitutional as applied to her. *See Edgewood Indep. Sch. Dist. v. Meno,* 917 S.W.2d 717, 725, 917 S.W.2d 717 (Tex.1995); *Tex–Air Helicopters, Inc. v. Galveston County Appraisal Review Bd.,* 76 S.W.3d 575, 584–85 (Tex. App.-Houston [14th Dist.] 2002, pet. denied).

■ Under Texas Rule of Civil Procedure 216, entitled "Request and Fee for Jury Trial," "[n]o jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex.R. Civ. P. 216. It is within

the discretion of the trial court to deny a jury trial if the party requesting the jury trial does so less than thirty days before trial. *See Huddle v. Huddle,* 696 S.W.2d 895, 895 (Tex.1985) (per curiam). Teel has not challenged the constitutionality of Texas Rule of Civil Procedure 216.[1] In this case, the trial occurred forty-six days after Shifflett filed his application and forty-one days after the date the record reflects that the district clerk sent a copy of the temporary protective order to Teel. Teel did not request a jury trial until fifteen days before trial. Teel has neither argued nor proven that she was unable to request a jury trial at least thirty days before trial. Even if the trial court had determined that the challenged statutes otherwise would have unconstitutionally deprived Teel of her right to a jury trial, the trial court still would have had the discretion to deny Teel's request for a jury trial under Rule 216 based on Teel's untimely request. *See Huddle,* 696 S.W.2d at 895. Therefore, Teel did not prove all facts necessary to show that, as applied to her, these statutes unconstitutionally deprived her of the right to a jury trial. *See Tex–Air Helicopters, Inc.,* 76 S.W.3d at 584–88 (holding party challenging constitutionality of statute did not prove all facts necessary to show that the statute was unconstitutional as applied); *Williams v. Williams,* 19 S.W.3d 544, 546 (Tex.App.-Fort Worth 2000, pet. denied) (holding that trial court did not abuse its discretion by denying jury trial on application for protective order against family violence because request for jury trial was untimely under Rule 216).[2] Accordingly, we overrule Teel's first issue.

---

1. This rule has been held to be constitutional by a sister court of appeals. *See Rent America, Inc. v. Amarillo Nat. Bank,* 785 S.W.2d 190, 193 (Tex.App.-Amarillo 1990, writ denied).

2. In the *Williams* case, the court held that "[b]ecause the evidence in this case conclu-

sively establishes that Appellant's request for a jury was not made until he was in court for the hearing, the request was not timely as a matter of law, and the trial court did not abuse its discretion by denying the request." *Williams,* 19 S.W.3d at 546. The opinion in *Williams* contains obiter dicta regarding con-

### Finding of "Intimate Partners"

In her second issue, Teel argues that the trial court erred in including a finding that the parties were intimate partners pursuant to Title 18, United States Code, sections 922(g)(8) and 921(a)(32). Teel preserved error on this issue in the trial court. Section 922(g)(8) makes it unlawful for persons under family protective orders to possess, ship, or transport any firearm or ammunition. *See U.S. v. Miles*, 238 F.Supp.2d 297, 304–05 (D.Maine 2002). The term "intimate partner" means, with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabitated with the person. 18 U.S.C. 921(a)(32). Teel alleges that because Shifflett did not plead that the parties were intimate partners, the judgment does not conform to the pleadings.

■■■ Although she cites no authority in support of this issue, Teel's argument is grounded on the basic idea addressed by the rules of civil procedure that a judgment shall conform to the pleadings. TEX.R. CIV. P. 301. Pleadings must give reasonable notice of the claims asserted. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354–55 (Tex.1995). A reviewing court should liberally construe the petition to contain any claims that reasonably may be inferred from the specific language used in the petition and uphold the petition as to those claims, even if an element of a claim is not specifically alleged. *See id.* In making this determination, however, a reviewing court cannot use a liberal construction of the petition as a license to read into the petition a claim that it does not contain. *Moneyhon v. Moneyhon*, 278 S.W.3d 874, 878 (Tex. App.-Houston [14 Dist.] 2009, no pet.). The petition must give fair and adequate notice of the claims being asserted, and, if the reviewing court cannot reasonably infer that the petition contains a given claim, then the court must conclude the petition does not contain such a claim, even under a liberal construction. *See SmithKline Beecham Corp.*, 903 S.W.2d at 354–55.

■■■ Shifflett's application for a family protective order contains no request for a finding that the parties were intimate partners under the federal statute. Nonetheless, in the protective order, the trial court found that Shifflett and Teel were intimate partners. Therefore, the judgment did not conform to the pleadings, and the trial court erred in granting such relief in the absence of pleadings or trial by consent. *See* TEX.R. CIV. P. 301; *Moneyhon*, 278 S.W.3d at 878. If issues not raised by the pleadings are tried by express or implied consent of the parties, these issues shall be treated as if they had been raised by the pleadings. *See* TEX.R. CIV. P. 67, 301; *Baltzer v. Medina*, 240 S.W.3d 469, 476 (Tex.App.-Houston [14th Dist.] 2007, no pet.). To determine whether the issue was tried by consent, the court must examine the record not for evidence of the issue, but rather for evidence of trial of the issue. *Greene v. Young*, 174 S.W.3d 291, 301 (Tex.App.-Houston [1st Dist.] 2005, pet. denied).

■■■ The record does not reflect that the intimate-partners issue was tried by consent. Although the record indicates that

stitutional rights, statutory construction, and legislative intent, which might give the impression that the *Williams* court addressed the constitutionality of sections 81.001 and 85.001 of the Texas Family Code. *See id.* at 546–48. However, the *Williams* court did not hold or state that these statutes are constitutional. *See id.* Instead, the *Williams* court, like this court, based its decision on the untimely request for a jury trial under Texas Rule of Civil Procedure 216. *See id.*

the parties had cohabitated and had a child together, the record does not reflect that the parties were trying the issue of "intimate partners" as that term is defined by section 921 of Title 18 of the United States Code. Accordingly, we sustain Teel's second issue.

## Legal and Factual Sufficiency of the Evidence

In her third and fourth issues, Teel argues the evidence is legally and factually insufficient to support the trial court's findings that the parties were members of the same household and that family violence was likely to occur in the future.

### Standard of Review

Under section 85.001 of the Texas Family Code, the trial court may grant a protective order upon finding that family violence has occurred and is likely to occur again. TEX. FAM.CODE ANN. § 85.001(a) (Vernon 2008). In reviewing a trial court's findings of fact for legal and factual sufficiency, we apply the same standards that we apply in reviewing jury findings. *Ulmer v. Ulmer*, 130 S.W.3d 294, 299 (Tex.App.-Houston [14th Dist.] 2004, no pet.). When reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex.2005). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See id.* at 827. We must determine whether the evidence at trial would enable reasonable and fair-minded people to find the facts at issue. *See id.* The factfinder is the only judge of witness credibility and the weight to give to testimony. *See id.* at 819.

When reviewing a challenge to the factual sufficiency of the evidence, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). After considering and weighing all the evidence, we set aside the fact finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *GTE Mobilnet of S. Tex. v. Pascouet*, 61 S.W.3d 599, 615–16 (Tex. App.-Houston [14th Dist.] 2001, pet. denied). We may not substitute our own judgment for that of the trier of fact, even if we would reach a different answer on the evidence. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998). The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment. *Pascouet*, 61 S.W.3d at 616.

### Members–of–Same–Household Evidence

A "household" is a "unit composed of persons living together in the same dwelling, without regard to whether they are related to each other." TEX. FAM.CODE ANN. § 71.005 (Vernon 2008). A "member of a household" includes a person who previously lived in the household. TEX. FAM.CODE ANN. § 71.006 (Vernon 2008).

Both parties testified that they intended to marry on July 7, 2007, and that on July 4, 2007, Teel moved her belongings to Shifflett's house. Shifflett testified that prior to this move, Teel had lived with him for at least one month. Teel testified that she did not intend to live with Shifflett until after their wedding and, despite the fact that she spent several nights at his house and moved her belongings into his

house, she did not consider herself as having moved into his house to establish a household because she maintained an apartment at which she received mail. The trial court found that on July 5, 2007, the parties established a household.

Although the parties' cohabitation was intermittent due to their disagreements, the uncontroverted evidence is that they intended to marry and Teel moved her belongings into Shifflett's house. Teel gave birth to a child in January 2008, and both parties believe the child was fathered by Shifflett.[3] Under the applicable standards of review, we conclude that the evidence is legally and factually sufficient to support the trial court's finding that Shifflett and Teel had formed a household. Accordingly, we overrule Teel's third issue.

### Family–Violence–Likely–to–Occur–in–the–Future Evidence

 Teel does not challenge the trial court's finding that family violence occurred; rather, she argues the evidence is legally and factually insufficient to support the trial court's finding that family violence is likely to occur in the future. Teel points out that Shifflett never testified that he "believed" or "feared" that Teel would commit family violence in the future and argues that Shifflett never presented any objective evidence that would show a likelihood that Teel would commit family violence in the future.

 In parental-termination and child-custody cases, "evidence that a parent has engaged in abusive or neglectful conduct in the past permits an inference that the parent will continue this behavior in the future." *In re T.L.S. and R.L.P.*, 170 S.W.3d 164, 166 (Tex.App.-Waco 2005, no pet.). This principle also applies in cases involving protective orders against

family violence. *Banargent v. Brent,* No. 14–05–00574–CV, 2006 WL 462268, at *1–2 (Tex.App.-Houston [14th Dist.] Feb. 28, 2006, no pet.) (mem. op.). "Oftentimes, past is prologue; therefore, past violent conduct can be competent evidence which is legally and factually sufficient to sustain the award of a protective order." *In re Epperson,* 213 S.W.3d 541, 544 (Tex.App.-Texarkana 2007, no pet.). In this case, Shifflett testified to several instances of violence, one in which police officers had to subdue Teel with a taser because she would not relinquish a weapon. The trial court reasonably could have concluded that future violence is likely to occur based on the testimony showing a pattern of violent behavior. *See Banargent,* 2006 WL 462268, at *1–2; *Clements v. Haskovec,* 251 S.W.3d 79, 87–88 (Tex.App.-Corpus Christi 2008, no pet.). Under the applicable standards of review, we conclude that the evidence is legally and factually sufficient to support the trial court's finding that Teel is likely to commit family violence in the future. Accordingly, we overrule Teel's fourth issue.

We modify the judgment of the trial court to delete the finding that the parties were "intimate partners" pursuant to Title 18, United States Code, sections 922(g)(8) and 921(a)(32). We affirm the judgment as modified.

YATES, J., concurring.

LESLIE B. YATES, Justice, concurring.

I write separately to address appellant's challenge to the constitutionality of sections 81.001 and 85.001 of the Texas Family Code. Section 81.001 provides that "[a] court shall render a protective order as provided by Section 85.001(b) if the court finds that family violence has occurred and

---

**3.** At the time of the hearing, genetic testing had been ordered but not completed.

is likely to occur in the future." Tex. Fam.Code Ann. § 81.001 (Vernon 2008). Section 85.001 lists the required findings and orders to be issued by the court if it finds that family violence has occurred and is likely to occur in the future. Tex. Fam. Code Ann. § 85.001 (Vernon 2008).

Appellant argues that she is entitled to a jury trial before the issuance of a protective order and that by prohibiting such a trial, sections 81.001 and 85.001 violate her right to jury trial under Article V, Section 10 of the Texas Constitution.[1] Article V, the Judiciary Article, was added to the Texas Constitution to broaden the right to a jury afforded by Article I, section 15 because that section did not extend to causes in equity.[2] *State v. Credit Bureau of Laredo, Inc.,* 530 S.W.2d 288, 292 (Tex. 1975).

Special circumstances justify holdings that not all adversary proceedings qualify as a "cause" under the Judiciary Article requiring a jury trial. These cases have been isolated upon a case-by-case determination and include such proceedings as election contests, *Hammond v. Ashe,* 103 Tex. 503, 131 S.W. 539 (1910) (election contest is not a "cause" as contemplated by the Texas Constitution); habeas corpus proceedings for the custody of minor children, *Burckhalter v. Conyer,* 9 S.W.2d 1029 (Tex.Com.App.1928, jdgmt. adopted); *Pittman v. Byars,* 51 Tex.Civ.App. 83, 112 S.W. 102, 106 (1908, no writ); appeals in administrative proceedings, *Texas Liquor Control Board v. Jones,* 112 S.W.2d 227, 229 (Tex.Civ.App.1937, no writ), and applications for family protective orders.

*Williams v. Williams,* 19 S.W.3d 544 (Tex. App.-Fort Worth 2000, pet. denied).

In *Williams v. Williams,* 19 S.W.3d 544 (Tex.App.-Fort Worth 2000, pet. denied), the court addressed an identical challenge to sections 81.001 and 85.001 and found the statutes constitutional. *Id.* at 548. The court noted that in promulgating the statutes that control family protective orders, the legislature provided that an applicant for a protective order is entitled to a hearing not later than 14 days after the date of filing unless a later date is requested by the applicant. *See* Tex. Fam.Code Ann. § 84.001(a) (Vernon 2008). A request for jury trial in a civil suit is required to be filed not less than 30 days in advance of the date set for trial. Tex.R. Civ. P. 216(a). The *Williams* court noted that it is not possible to comply with the statutory requirement to hold a hearing within 14 days, yet also comply with the rule that requires filing of a written request for a jury trial 30 days in advance. *Williams,* 19 S.W.3d at 548.

While the right to a jury trial is by constitutional mandate to remain inviolate, the legislature is also directed to pass such laws as maintain its efficiency. *Green v. W.E. Grace Mfg. Co.,* 422 S.W.2d 723, 725 (Tex.1968). The inviolate right to a jury trial is regulated by those rules which specify its availability. *Green,* 422 S.W.2d at 725. The Family Code requires a hearing to be held on an application for family protective order within 14 days of the filing of the application with few exceptions permitted to continue the hearing. Tex.

---

**1.** In the trial of all causes in the District Courts the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be pre-

scribed by the Legislature. Tex. Const. art. V, § 10

**2.** The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. Tex. Const. art. I, § 15

Fam.Code Ann. § 84.001(a) (Vernon 2008). A party requesting a jury trial must comply with the procedure set forth in rule 216 of the Texas Rules of Civil Procedure, which requires a request for a jury be made not less than 30 days before the date set for trial. *Howell v. Texas Workers' Compensation Com'n,* 143 S.W.3d 416, 438 (Tex.App.-Austin 2004, pet. denied). By requiring a hearing within 14 days of the application and requiring a court to make the determination, the legislature recognized the immediate nature of most family protective orders. If the legislature permitted jury trials to determine facts in an application for a protective order, the individual from whom protection is sought could effectively delay the hearing by requesting a jury. Such a delay would work to the disadvantage of the individual seeking protection because he or she would have to wait at least 30 days before the hearing could be held. The legislature had the undoubted right to make this additional protection in the interest of ensuring that a protective order is issued as timely as possible and, in so doing, violated no constitutional guarantee to appellant.

I agree with the majority that Teel's first issue should be overruled, but disagree with the majority's conclusion that Teel did not properly preserve the issue. Thus, I respectfully concur.