Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## MEMORANDUM OPINION

No. 04-11-00516-CV

Ramon K. **FLANIGAN**,
Appellant

v.

Anna **GLASGOW**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-04741
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:   Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  August 1, 2012

AFFIRMED

Ramon Flanigan challenges a protective order entered in favor of Anna Glasgow.  We affirm the judgment of the trial court.

### BACKGROUND

Ramon and Anna dated for over seven years before ending their relationship on February 13, 2009.  On March 26, 2009, a protective order was signed by a Denton County district judge that prohibited Ramon from communicating directly with Anna in a threatening or harassing

manner or from going within 200 yards of her residence. On March 22, 2011, Anna applied for a second protective order against Ramon in Bexar County pursuant to section 82.008[1] of the Family Code, alleging that Ramon violated the March 26, 2009 protective order or that Ramon committed an act of family violence or dating violence against Anna. Attached to the application was Anna's affidavit detailing, among other actions, a threatening email sent to her by Ramon in May 2009. Also attached to the application was a copy of the prior protective order signed on March 26, 2009. Ramon received notice of Anna's application for protective order on March 30, 2011.

On April 27, 2011, a hearing was held on Anna's application for protective order; the application was prosecuted by the District Attorney's Office on Anna's behalf. Initially, the State sought to nonsuit the application and proceed on a new application filed the day of the hearing—this application was substantively the same as the March 22, 2011 application save for the filing date. Ramon, however, objected to the lack of notice on the new application. The trial court agreed that the State could not nonsuit the first application after announcing "ready" on the day of the hearing, but acknowledged that because the application was filed four days before the expiration of the prior protective order, the operative provision of the Family Code was section 82.0085, not 82.008. *See* TEX. FAM. CODE ANN. § 82.0085 (West 2008) (application filed *before* expiration of previously rendered protective order); *id*. § 82.008 (West 2008) (application filed *after* expiration of former protective order). The trial court thus denied the State's motion to nonsuit, and the hearing proceeded on the March 22, 2011 application.

The only witness to testify was Anna. She stated that Ramon was physically abusive towards her before their relationship ended in 2009, choking, punching, kicking, or slapping her on occasion. When Anna finally told Ramon she was leaving him, he chased her in his car. The

---

[1] *See* TEX. FAM. CODE ANN. § 82.008 (West 2008)

next day she filed for a protective order; it was granted on March 26, 2009 for a period of two years. Anna testified that Ramon violated the protective order on May 11, 2009 when he came within 200 yards of her residence. She stated that she called the police and a warrant was issued for Ramon's arrest. Anna was forced to move in with her mother and hide from Ramon. She stated that she moved to Bexar County to keep Ramon from finding her. Anna testified that Ramon sent her over 50 emails in the first two months of 2011 expressing a desire to reunite with her. She admitted to calling him three times in the past two years. She called him twice at the direction of a police detective who told her to clearly communicate to Ramon that she no longer wanted contact from him; she called him for the same reason a third time of her own volition. Anna stated that she is afraid of Ramon and that every day she comes home fearing he will be in her apartment. Although Ramon moved to Mississippi, Anna continues to fear that he will find her because he has family in Texas and comes to San Antonio often. Ramon once threatened to shoot Anna in the head.

At the conclusion of the hearing, the trial court granted the two-year protective order, stating that "the stalking and the following and finding and recontacting after numerous clear statements of no contact is in the nature of a harassment that can put one in a very uneasy feeling." In the order, the trial court found that Ramon "has committed family violence and family violence is likely to occur in the future pursuant to Section 85.001 of the Texas Family Code." The trial court subsequently signed findings of fact and conclusions of law.

Ramon now challenges the protective order, arguing in three issues that: (1) the evidence presented at the hearing was legally insufficient to support the granting of the protective order; (2) his due process rights were violated when the protective order was granted; and (3) the application for protective order was fatally flawed.

**DISCUSSION**

We first address Ramon's sufficiency challenge. A legal sufficiency challenge to a family violence protective order, like any other legal sufficiency challenge, may be sustained only when "(1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact." *Wilkerson v. Wilkerson*, 321 S.W.3d 110, 115-16 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (quoting *Clements v. Haskovec*, 251 S.W.3d 79, 84 (Tex. App.—Corpus Christi 2008, no pet.)). In reviewing the legal sufficiency of the evidence, a court must consider the evidence in the light most favorable to the finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). If the evidence allows only one inference, neither the trier of fact nor the reviewing court may disregard it. *Id.* However, a reviewing court cannot substitute its judgment for that of the trier of fact, so long as the evidence falls within the zone of reasonable disagreement. *Id.* Moreover, the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id*. at 819. We will not substitute our judgment for that of the trial court merely because we might reach a different conclusion. *Id.*

Under section 85.001 of the Texas Family Code, the trial court must grant a protective order upon finding that family violence has occurred and is likely to occur again in the future. TEX. FAM. CODE ANN. § 85.001(b) (West 2008).[2] In cases involving protective orders against

---

[2] Ramon argues that the trial court erred in granting the protective order under section 85.002, which requires a finding of a violation of a prior protective order. *See* TEX. FAM. CODE. ANN. § 85.002 (West 2008). However, because the trial court specifically issued a protective order pursuant to section 85.001, we will address the requirements of a protective order under section 85.001. In any event, we reject Ramon's argument that the protective order was erroneously granted under section 85.002 because there was witness testimony establishing that a prior protective order existed and that Ramon violated a provision of the order.

family or dating violence, evidence that a person has engaged in abusive conduct in the past permits an inference that the person will continue this behavior in the future. *See Teel v. Shifflett*, 309 S.W.3d 597, 604 (Tex. App.—Houston [14th Dist.] 2010, pet. denied). "Oftentimes, past is prologue; therefore, past violent conduct can be competent evidence which is legally and factually sufficient to sustain the award of a protective order." *Id.* (quoting *In re Epperson*, 213 S.W.3d 541, 544 (Tex. App.—Texarkana 2007, no pet.)).

Here, the trial court heard testimony that Ramon physically abused Anna, causing her to first seek a protective order in 2009. Ramon then violated that protective order when he came within 200 yards of her home. Anna also testified that Ramon sent her hundreds of unwanted emails during the past two years, including one stating that she had no idea what kind of hell she would endure for the rest of her life. He also told Anna's friend that he was going to shoot her when the protective order expired. Anna stated that she has had to move to two different cities to avoid Ramon and that she has changed her contact information as well as her job on several occasions. She constantly fears Ramon will find her and that he will be waiting for her in her apartment when she comes home.

In view of the entire record, we conclude that there was more than a scintilla of evidence to support the trial court's finding that family violence had occurred and was likely to occur in the future and that the evidence supporting the finding was not so weak or contrary to the overwhelming weight of all the evidence that the finding should be set aside. Anna testified that Ramon committed dating violence in the past and that he refused to leave her alone even after she made clear that the relationship was over. As fact finder, the trial court was free to accept or reject the testimony of any witness, in whole or in part. *See Wright v. Wright*, 699 S.W.2d 620, 621 (Tex. App.—San Antonio 1985, writ ref'd n.r.e.); *Nordstrom v. Nordstrom*, 965 S.W.2d 575,

580-81 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). The trial could have found Anna credible and weighed her testimony in favor of needing a protective order. We therefore hold that the evidence was legally sufficient and overrule Ramon's issue challenging the evidentiary sufficiency.

In his second issue, Ramon asserts that his due process right to notice was violated by the granting of the protective order under section 85.001. *See* TEX. FAM. CODE ANN. § 85.001 (West 2008) (required findings and orders). We disagree. It is clear from the record that the trial court proceeded on the March 22, 2011 application for protective order. Ramon received notice of the application on March 30, 2011—twenty-eight days before the hearing. The application alleged that Ramon violated the prior protective order *or* committed an act or acts of family violence or dating violence against Anna. The application included Anna's affidavit, which detailed the 52 emails Ramon sent to her in the first two months of 2011 alone. As such, Ramon was on notice that the trial court would consider his acts of dating violence. We conclude the application gave Ramon fair and adequate notice of the claims being asserted. *See SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354-55 (Tex. 1995); *Teel*, 309 S.W.3d at 602. Ramon's second issue is therefore overruled.

Finally, Ramon argues that the application for protective order was fatally flawed under section 82.0085 because it did not include a copy of the prior alleged protective order or a description of the threatened harm that reasonably placed Anna in fear of imminent physical harm, bodily injury, assault, or sexual assault. Again, we respectfully disagree. The application filed on March 22, 2011 did in fact include a copy of the prior protective order from Denton County. Further, it included Anna's affidavit detailing Ramon's actions that cause her to continually live in fear that he will find her and commit more dating violence against her.

Accordingly, the application did meet the requirements of section 82.0085. Ramon's third issue is overruled.

**CONCLUSION**

Based on the foregoing, Ramon's issues on appeal are overruled, and the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice