

## NUMBER 13-12-00060-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**MIRRO VONDAE MCZEAL,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

### On appeal from the 258th District Court
### of Polk County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Benavides

By one issue, appellant, Mirro Vondae McZeal, contends that the evidence is

insufficient to support his conviction of assault on a family or household member.   *See*

TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (West 2011).   We affirm.[1]

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket-equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. §

## I.    BACKGROUND[2]

A Polk County grand jury indicted McZeal for assault on a family or household member, a third-degree felony.   *Id.*   In the indictment, the State alleged that McZeal had two prior felony charges:   the first, a 2001 assault with bodily injury against a member of McZeal's family or household; and the second, a felony possession of a controlled substance, penalty group one.

The State presented the following evidence during its case-in-chief at McZeal's jury trial.   On July 26, 2011, Leshida Harrell and McZeal visited Harrell's cousin's home in a housing project on the west end of Livingston, Texas.   During the visit, Harrell and McZeal engaged in an argument.   Harrell testified that during the argument she "shut [herself] in the bathroom" for about "five or six minutes," before McZeal entered the bathroom and punched Harrell in the mouth with his closed fist.   Harrell testified that the punch hurt enough that she thought that she was going to faint.   Soon thereafter, McZeal left the house, while Harrell was taken to the Livingston police station by her cousin and mother, who had arrived at the house a short time later.   Livingston police officer Kevin Ward testified that Harrell told him that:   (1) she was McZeal's girlfriend; (2) the two lived together; and (3) McZeal punched her in the mouth at her cousin's house.

Harrell testified at trial that she was "in a relationship" with McZeal at the time of the incident in question and that their relationship began in 2009.   Harrell further

---

73.001 (West 2005).

[2] As this is a memorandum opinion and because all issues of law presented by this case are well settled and the parties are familiar with the facts, we will not recite the law and the facts in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P. 47.4.

testified that she began living with McZeal in a house in Shepherd beginning in 2010. Harrell stated, however, that she and McZeal were not married nor did they have children together.

The jury found McZeal guilty of the offense as alleged in the indictment. McZeal's conviction was enhanced to a second-degree felony after McZeal pleaded true to the enhancement paragraph of his indictment. *See id.* § 12.42(a) (West Supp. 2011). The jury assessed McZeal's punishment at twenty years' imprisonment with the Texas Department of Criminal Justice, Institutional Division. This appeal ensued.

## II. SUFFICIENCY CHALLENGE

By one issue, McZeal asserts that the evidence adduced at trial was insufficient to support his conviction for assault on a family or household member.

### A. Standard of Review

When reviewing a defendant's sufficiency challenge, we view the evidence in the light most favorable to the verdict to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012) (citing *Brooks v. State*, 323 S.W.3d 893, 902 (plurality op.)); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury is the sole judge of the credibility of witnesses and the weight to be given to their testimonies, and the reviewing court must not usurp this role by substituting its own judgment for that of the jury. *Montgomery*, 369 S.W.3d at 192. Thus, our duty is "simply to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged." *Id.* (internal citations omitted). When faced with a record supporting contradicting inferences, we

3

must presume that the jury resolved such conflicts in favor of the verdict, even if not explicitly stated in the record. *Id.* (citing *Brooks*, 323 S.W.3d at 899 n.13).

The elements of the offense are measured as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

## B. Discussion

McZeal was indicted for assault on a family or household member. Under a hypothetically correct jury charge, McZeal is guilty of this offense if he (1) intentionally, knowingly, or recklessly (2) caused bodily injury (3) to Harrell, and (4) Harrell is a member of McZeal's (a) family or (b) household. *See* TEX. PENAL CODE ANN. § 22.01(b)(2) (referencing TEX. FAM. CODE ANN. §§ 71.003; .005 (West 2008)).[3]

McZeal's sole argument is that the evidence was insufficient to support the jury's finding that Harrell was a member of McZeal's family or his household. We agree, in part, and disagree, in part. In the context of penal code section 22.01(b)(2), "family" is defined as:

individuals related by consanguinity or affinity, as determined under

_____

[3] The State's indictment against McZeal did not reference Texas Family Code section 71.0021 (Dating Violence) as applied to the offense alleged. *See* TEX. FAM. CODE ANN. § 71.0021 (West Supp. 2011). Accordingly, we will not consider that definition in our sufficiency analysis. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc) (defining a hypothetically correct jury charge as one that would be one that "accurately sets out the law, is *authorized by the indictment*, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.") (emphasis added).

4

Sections 573.022 and 573.024, Government Code, individuals who are former spouses of each other, individuals who are the parents of the same child, without regard to marriage, and a foster child and foster parent, without regard to whether those individuals reside together.

*See* TEX. FAM. CODE ANN. § 71.003; *see also* TEX. GOV'T CODE ANN. §§ 573.022; .024 (West 2004).

The State presented no evidence to support a finding that Harrell was a member of McZeal's "family" as defined by section 71.003 of the family code. Therefore, we turn our analysis to the "member of the household" element of the alleged offense.

McZeal argues that no evidence supports a finding that Harrell was a member of his household because she did not: (1) change the address on her Texas identification; (2) receive mail at his residence; (3) change her mailing address to reflect that she was residing at his residence; (4) change her mailing address to reflect that she no longer resided at McZeal's residence; (5) pay any costs related to living with McZeal—i.e., rent, utilities, cable television, or food. We decline to adopt such a rigid formula to determine whether sufficient evidence supports a "member of the household" finding.

In the context of penal code section 22.01(b)(2), "household" is defined as:

a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other.

*See* TEX. FAM. CODE ANN. § 71.005. This definition may also include a person who previously lived in a household. *See id.* § 71.006 (West 2008). Furthermore, our sister courts have recognized a flexible approach as to whether someone is a member of a household in terms of the family code. *See generally Teel v. Shifflet*, 309 S.W.3d 597, 604 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (finding sufficient evidence of household membership between a former boyfriend and girlfriend despite testimony

5

that showed intermittent cohabitation due to the parties' occasional disagreements during the relationship); *Dixon v. State*, No. 05-09-00901-CR, 2010 WL 2180371, at *4 (Tex. App.—Dallas June 2, 2010, no pet.) (not designated for publication) (finding sufficient evidence of household membership because defendant and complainant, who were both homeless, lived together in a shed at an abandoned car wash at the time of the assault); *Manuel v. State*, No. 01-04-00282-CR, 2005 WL 1111247, at *3–*4 (Tex. App.—Houston [1st Dist.] May 5, 2005, pet. ref'd) (mem. op., not designated for publication) (holding that sufficient evidence supported a household membership finding despite conflicting testimony from witnesses that defendant and complainant did not live together in the complainant's townhouse).

Here, Harrell testified that she and McZeal lived together in a house in Shepherd from 2010 until the time of the assault. Officer Ward also testified that Harrell told him during her interview that she lived with McZeal. Finally, Harrell's mother, Marietta, also testified that her daughter lived with McZeal for "about a year or so," but admitted that there were times when Harrell would leave for a "week or so" then head right back to living with him. We recognize, however, that McZeal's sister, Ysheka, and mother, Vernia, provided contrary testimony that Harrell and McZeal did not live together. Despite this testimony, we presume that the jury resolved such conflicts in the evidence in favor of the verdict. *See Montgomery*, 369 S.W.3d at 192.

Therefore, after viewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found that McZeal assaulted Harrell, who was a member of his household, beyond a reasonable doubt. McZeal's sole issue is overruled.

6

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
18th day of April, 2013.