**Modified and Affirmed and Opinion Filed June 16, 2022**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

### No. 05-21-00302-CV

**ASHRAF ABDELMONEIM MAHMOUD, Appellant**
**V.**
**VALERIE GARCIA JACKSON, Appellee**

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-13398**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Smith
Opinion by Justice Smith

Appellant Ashraf Adbelmoneim Mahmoud appeals the protective order granted in favor of appellee Valerie Garcia Jackson. In two issues, he argues the trial court erred by entering the protective order and awarding appellee attorney's fees and costs.

We modify the trial court's protective order to reduce the attorney's fees and expenses by $194.07 and further modify the protective order to delete paragraph 20 that prohibits appellant from attending or going near the extracurricular activities of the child until further order of a court of competent jurisdiction. In all other respects, we affirm the trial court's protective order.

## Procedural Background

Appellee filed an application for a protective order on March 8, 2021 against appellant, her spouse of thirty years.[1]  She alleged appellant engaged in family violence and committed acts intended to result in physical harm, bodily injury, assault, or sexual assault or made threats that reasonably placed her in fear of imminent physical harm, bodily injury, assault, or physical assault.

The trial court held a hearing on April 6, 2021 in which appellee and appellant testified.  After hearing testimony and evidence, the trial court granted the application for protective order and found that family violence had occurred, is likely to occur in the future, and that appellant had committed such family violence.  The court further found reasonable grounds to believe that appellee was a victim of sexual assault pursuant to the Texas Penal Code and chapter 7B of the Texas Code of Criminal Procedure.

The court ordered a no contact protective order with appellee and restricted contact to their minor child.  Appellant was ordered to communicate via Our Family Wizard parenting website, vacate the marital residence, attend a battering intervention and prevention course, attend the Family Education and Support Services parenting course for the effect of domestic violence on children, attend

---

[1] Appellee filed the application in Harris County; however, the appeal of the final order was later transferred to this Court from the First District Court of Appeals.

counseling services through the Center for Health and Sexuality, and pay attorney's fees and costs. This appeal followed.

Because appellant challenges the sufficiency of the evidence supporting the protective order and to avoid repetition of facts, we provide the relevant facts necessary for disposition of the appeal below in the discussion section. *See* TEX. R. APP. P. 47.1.

## Standard of Review

We review the sufficiency of findings supporting a protective order under the same standard used in evaluating the sufficiency of evidence following a jury verdict. *See Lei Yang v. Yuzhuo Cao*, 629 S.W.3d 666, 670 (Tex. App.—Houston [1st Dist.] 2021, no pet.). Likewise, when the trial court acts as the factfinder, we review its findings under the same sufficiency standards. *Id*. When, as here, a party who does not have the burden of proof challenges the legal sufficiency of the evidence, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor, and disregarding contrary evidence unless a reasonable factfinder could not. *Id*.; *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

We may not sustain a legal sufficiency, or "no evidence," point unless the record demonstrates: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more

–3–

than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810. If more than a mere scintilla of evidence exists, it is legally sufficient. *Lei Yang*, 629 S.W.3d at 670. More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to reach differing conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *Lei Yang*, 629 S.W.3d at 670.

In a factual sufficiency review, we consider and weigh all the evidence. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). When an appellant challenges an adverse finding on an issue on which he did not have the burden of proof at trial, we set aside the verdict only if the evidence supporting the finding is so weak as to make the verdict clearly wrong and manifestly unjust. *Four J's Cmty. Living Ctr., Inc. v. Wagner*, 630 S.W.3d 502, 516 (Tex. App.—Houston [1st Dist.] 2021, pet. denied).

**Sufficiency of the Evidence Supporting the Protective Order**

The family code provides that a trial court must render a protective order if it finds that family violence has occurred and is likely to occur in the future. TEX. FAM. CODE ANN. §§ 81.001, 85.001. Appellant raises both legal and factual sufficiency challenges to the following protective order findings by the trial court: (a) his actions rose to the level of family violence; (b) family violence occurred and is likely to occur in the future; (c) appellee is a victim of sexual assault; (d) his actions require exclusion of possession of their child; (e) his actions require him to

–4–

attend a battering intervention program and the Center for Health and Sexuality; and (f) his exclusion from their marital residence. We consider each of appellant's sufficiency challenges in turn.

### A. Actions Rose to the Level of Family Violence and Family Violence Occurred and is Likely to Occur in the Future

Appellant agues the evidence is legally and factually insufficient to support a finding that his actions rose to the level of family violence because although their sexual activities were "kinky sex fetishes" she did not share, the fetishes did not rise to the level of family violence. Further, he contends that the one incident in February 2021 giving rise to her application for a protective order is not severe enough to infer that family violence occurred and is likely to occur in the future. Appellee responds, in part, that the evidence supports the trial court's findings because appellant physically and sexually abused her for several years, but she was too scared to report the incidents to police because of appellant's controlling behavior.

"Family violence" is defined as follows:

> [A]n act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

TEX. FAM. CODE ANN. § 71.004.

Appellee testified that appellant emotionally abused her through his controlling behavior. He constantly wanted to know her whereabouts and harassed

–5–

her if she refused to tell him. He repeatedly used profanity and called her offensive names. His behavior caused her anxiety, which required medication. She testified the abuse occurred for at least the past five years. Although there were times she tried to leave when appellant became abusive, he restrained her.

Appellee finally sought a protective order after an incident that occurred on February 14, 2021. She testified appellant sexually assaulted her for four hours. She told him she did not want to have sex, she asked him to leave, but he refused. Although appellant routinely physically restrained, hit, and choked her during sex, she testified appellant choked her more aggressively during this assault.

Appellee decided to seek help because the abuse reached the point she could no longer take it. She hoped appellant's behavior would change, but she "felt present danger to [her] physical, mental and emotional well-being." She left their home on February 27, 2021 because of appellant's increasingly aggressive behavior, which caused bruising that sometimes lasted a week.

One occasion, he slapped her hard enough to leave a "big bruise" across her face that co-workers noticed and commented that it looked like someone slapped her. On another occasion, appellant threatened her by pointing a gun at her. She testified that appellant's actions placed her in imminent fear for her physical safety and well- being.

To the extent appellant argues his actions did not rise to the level of "beatings, breaking into homes, threats of violence, or discharging a firearm," like other cases

in which evidence supported a protective order, we cannot agree. *See, e.g.*, *Nickelson v. State for Protection of Nickelson*, No. 04-17-00113-CV, 2018 WL 1831679, at *3 (Tex. App.—San Antonio Apr. 18, 2018, no pet.) (mem. op.) (concluding evidence sufficient to support family violence finding because of history of damaging property, throwing victim against walls, and brandishing knives); *Johnson v. Johnson*, No. 13-12-00080-CV, 2012 WL 3525655, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 16, 2012, no pet.) (mem. op.) (pointing gun at wife's head and cocking it as if preparing to shoot her was sufficiently severe to warrant family violence finding); *In re M.G.M.*, 163 S.W.3d 191, 202 (Tex. App.—Beaumont 2005, no pet.) (describing seven-year history of abuse supporting family violence finding). By comparing his actions to other cases, appellant attempts to minimize the evidence against him. Further, we reject appellant's assertion that the record contains no evidence of his intent to commit family violence. "Intent to commit family violence may be inferred from circumstantial evidence such as words and conduct of the appellant." *Jimenez v. State*, No. 13-09-00520-CR, 2010 WL 3279493, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 19, 2010, no pet.) (mem. op., not designated for publication).

Viewing the evidence in the light most favorable to the protective order, the trial court's family violence finding is "more than a mere scintilla." *City of Keller*, 168 S.W.3d at 810. A reasonable factfinder could find appellant committed family violence. Thus, the evidence is legally sufficient to support the finding.

To the extent appellant argues the evidence is factually insufficient because appellee testified there "wasn't a lot" of rough pushing and grabbing, the record indicates otherwise. She testified she endured five years of physical and sexual abuse.

In contrast, appellant testified that he never slapped her, called her names, or did any of the actions she alleged. He denied owning a gun. He claimed to respect her. Appellant essentially challenges appellee's credibility. The trial court, as the factfinder and judge of witness credibility, was free to believe appellee's testimony regarding their abusive relationship. *See Townsend v. Vasquez*, 569 S.W.3d 796, 807–08 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

To the extent appellant challenges the trial court's exclusion of evidence that appellee bruised easily, even assuming the trial court erred, appellant cannot establish that exclusion of the evidence "probably caused the rendition of an improper judgment." *See Matter of Marriage of Rangel*, 580 S.W.3d 675, 682 (Tex. App.—Houston [14th Dist.] 2019, no pet.). After weighing all the evidence, we cannot conclude the evidence supporting the family violence finding is so weak as to make the protective order clearly wrong and manifestly unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242; *Wagner*, 630 S.W.3d at 516.

Under the applicable standards of review, we likewise conclude the evidence is both legally and factually sufficient to support the finding that family violence is likely to occur in the future. We reject appellant's argument that the single incident

in February 2021 was not severe enough to support the finding. Appellee not only described the abuse in February but also explained other past instances in which appellant engaged in physical abuse.

"Oftentimes, past is prologue; therefore, past violent conduct can be competent evidence which is legally and factually sufficient to sustain the award of a protective order." *Teel v. Shifflett*, 309 S.W.3d 597, 604 (Tex. App.—Houston [14th Dist.] 2010, pet. denied); *see also Boyd v. Palmore*, 425 S.W.3d 425, 432 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (acknowledging "likelihood" finding need not be based on more than one act of family violence; single incident permits such a finding). Under this principle, appellant's commission of an act of family violence on February 14, 2021 permitted a finding that he was likely to engage in future family violence. *See Martin v. Martin*, 545 S.W.3d 162, 168 (Tex. App.—El Paso 2017, no pet.). "We think this is particularly true when the family member denies the assault ever occurred and the factfinder disbelieves the denial." *Id*. Accordingly, the trial court reasonably found that future family violence is likely to occur.

## B. Appellee is a Victim of Sexual Assault

Appellant asserts that appellee failed to present evidence of any of the elements of sexual assault. Specifically, he argues that she did not present any evidence of intentionally or knowingly causing "any penetration of anything belonging to anyone," and there is no evidence he used physical force, violence, coercion, or threats of violence to coerce her to participate in sexual activity.

Nothing within the code of criminal procedure or the family code requires a criminal conviction to justify a protective order. To the contrary, the language of article 7B.003 requires a court to find whether "there are *reasonable grounds to believe* that the applicant is the victim of sexual assault." TEX. CODE CRIM. PROC. art 7B.003 (emphasis added). Moreover, the primary purpose of the provisions authorizing entry of a protective order are to prevent domestic violence and to protect the victims of such violence; the intent is not to punish the offender. *See Ex parte Chairez*, No. 08-00-00083-CV, 2001 WL 63033, at *3 (Tex. App.—El Paso Jan. 25, 2001, no pet.). "While the imposition of a protective order is always in response to an act or threat of violence, it can hardly be said that the order is either prosecution or a punishment for that act or threat of violence." *Lopez v. Occhiogrosso*, No. 14-17-00324-CV, 2019 WL 347336, at *7 (Tex. App.—Houston [14th Dist.] Jan. 29, 2019, no pet.) (mem. op.).

Although appellee did not go into the specific details of the sexual assault, she repeatedly testified that appellant forced her to have sex without consent. He engaged in physical violence when she refused. Other than his self-serving testimony denying the abuse, appellant provided no other evidence contradicting appellee's version of events.

The trial court was free to believe appellee's description of events and disbelieve appellant's denial of sexual abuse. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). Viewing the evidence in the light most favorable to

the trial court's order, we conclude that appellee presented more than a scintilla of evidence from which the trial court could have reasonably believed that appellee was the victim of sexual assault. *See City of Keller*, 168 S.W.3d at 827; *Lei Yang*, 629 S.W.3d at 670. Further, considering all the evidence in the record, we conclude that the trial court's determination that there were reasonable grounds to believe that appellee was the victim of sexual assault is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Wagner*, 630 S.W.3d at 516.

Accordingly, legally and factually sufficient evidence supports the trial court's finding that there were reasonable grounds to believe that appellee was a victim of sexual assault under chapter 7B of the code of criminal procedure.

## C. Exclusion of Possession of the Child

Appellant argues appellee did not request inclusion of their minor child in the protective order and specifically testified she did not want to include him as a protected person. Thus, appellant contends the evidence is insufficient to support his exclusion of possession of the child.

We disagree. Section 85.022(b) of the family code allows a court to render a protective order protecting appellee and members of her family and household upon a finding of family violence. *See* TEX. FAM. CODE ANN. § 85.022(b)(2)(A); *see also Onkst v. Morgan*, No. 03-18-00367-CV, 2019 WL 4281913, at *8 (Tex. App.— Austin Sept. 11, 2019, pet. denied) (mem. op.) (recognizing court is authorized to

issue a protective order including members of protected person's family). Although appellee did not request the trial court to include their minor child as a protected person, the trial court still had authority to enter an order protecting members of her family once it found appellant committed family violence. *Martin*, 545 S.W.3d at 168 (concluding that regardless of insufficient evidence supporting finding that children were victims of family violence, prohibitions in order were still appropriate because the "protections contemplate that contact with another member of the family might escalate and involve the protected person"); *see also Cox v. Walden*, No. 13-20-00283-CV, 2022 WL 120014, at *5 (Tex. App.—Corpus Christi–Edinburg Jan. 13, 2022, no pet.) (mem. op.) ("A court is not required to find that family or household members have also been the victims of family violence before it may include them in a protective order's provisions under § 85.022.").

The trial court found and ordered that appellant "be prohibited from possession and access to the minor child of the marriage, until further order of a court of competent jurisdiction." Based on the evidence supporting the trial court's family violence finding, the evidence is sufficient to support the trial court's finding regarding appellant's possession and access to the minor child.

Appellant further argues the protective order is not specific enough to follow because it does not give a specific location or distance he must maintain from the

child's extracurricular activities.  *See* TEX. FAM. CODE ANN. § 85.022(c).[2]  Paragraph 20 prohibits appellant "from attending or going near the extracurricular activities of the child, until further order of a court of competent jurisdiction."

The protective order states a violation of the order may be punishable for contempt of court by fine, confinement, or both.  To be enforceable by contempt, a decree or protective order must set forth the terms of compliance in clear, specific, and unambiguous terms so that the person charged with obeying the decree will readily know exactly what duties and obligations are imposed upon him.  *See, e.g.*, *Ex parte Acker*, 949 S.W.2d 314, 317 (Tex. 1997) (concluding divorce decree did not set forth the beginning date for health insurance payments in "clear, specific, and unambiguous terms" to support a contempt order).  We agree with appellant that prohibiting him from attending or going near the child's extracurricular activities is not sufficiently specific to be enforceable; therefore, we delete this condition from the protective order.

### D. Requiring Completion of Battering Intervention Program, Attending the Center for Health and Sexuality, and Excluding Appellant from Marital Residence

Appellant argues that the trial court erred by ordering him to complete a battering intervention program, attend the Center for Health and Sexuality, and leave

---

[2] Father relies on this section in support of his argument.  We note that although this section of the family code requires a protective order to have certain information regarding prohibited places, a child's extracurricular activities is not listed among the places.  *See* TEX. FAM. CODE ANN. §§ 85.022(b)(3), (4) & (c).

the marital residence because the evidence is insufficient to support the finding of family violence. As explained above, the evidence is sufficient to support the trial court's family violence finding, and section 85.002 allows a trial court to order the person who has committed family violence to perform certain acts necessary or appropriate to prevent or reduce the likelihood of family violence. *See* TEX. FAM. CODE ANN. § 85.022. This section includes ordering attendance in a battering intervention program. *See* TEX. FAM. CODE ANN. § 85.022(a)(1).

Although section 85.022 does not specifically list attending the Center for Health and Sexuality as a possible condition of a protective order, there is no authority that the provisions of section 85.022 are intended to be an exhaustive list of remedies available to a trial court when issuing a protective order that will effectively prevent family violence. *See Rodriguez v. Doe*, 614 S.W.3d 380, 386 (Tex. App.—Houston [14th Dist. 2020, no pet.). Such an interpretation is contrary to the permissive language in the statute and falls short of the legislative intent of the statute. *Id*. Because the evidence is legally and factually sufficient to support the trial court's family violence finding and that appellee is a victim of sexual assault, the evidence is likewise sufficient to support the requirement that appellant attend the Center for Health and Sexuality.

Finally, a trial court may also grant exclusive possession of a residence to one party in a protective order. TEX. FAM. CODE ANN. § 85.021(2). Because the evidence was legally and factually sufficient to support the trial court's family

–14–

violence finding, the evidence was likewise sufficient to support appellant's exclusion from the home.

## E. Conclusion

We delete paragraph 20 of the protective order prohibiting appellant from attending or going near the extracurricular activities of the child, until further order of a court of competent jurisdiction. Otherwise, after considering each of appellant's remaining challenges to the protective order, we conclude the evidence is legally and factually sufficient to support the trial court's protective order. Appellant's first issue is overruled.

## Attorney's Fees

In his second issue, appellant argues the award of $4,186.00 in attorney's fees and expenses must be reversed because insufficient evidence supports the family violence finding, or alternatively, the award is unreasonable because of insufficient evidence. Because sufficient evidence supports the family violence finding, we limit our analysis to whether appellee presented legally sufficient evidence supporting her reasonable attorney's fees under *Rohrmoos*. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019); *see also* TEX. FAM. CODE ANN. § 81.005 ("The court may assess reasonable attorney's fees against the party found to have committed family violence.").

Section 81.005 authorizes an award of "reasonable" attorney's fees. *Id.* The factfinder's starting point for calculating an attorney's fee award is determining the

reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts. *See Rohrmoos*, 578 S.W.3d at 498; *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012). Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Rohrmoos*, 578 S.W.3d at 498.

Here, Yanine Krohn testified that she is an associate with the Hunt Law Firm and limited her practice to family law. She is familiar with the reasonable, usual, and customary attorney's fees charged in this area for the same or similar services for an attorney with her experience, reputation, and ability. She has been licensed since 2014, and her current hourly rate is $280, and her legal assistants charge $120 an hour.

In determining the reasonableness of the fees incurred, she testified that she considered the time and labor required, the novelty, the difficulty of the process involved and skills required to perform the services, the fee customarily charged in the locality for similar services, and the time limitation imposed by the client. Krohn also submitted an attorney declaration in which she attached several pages of itemized billing invoices. The invoices indicated the hours Krohn worked on each task, a description and the date of each task she performed, her hourly rate, and the

amount charged. The fee charged was calculated by her respective billing rate multiplied by tenths of an hour worked.

Appellant did not cross-examine Krohn nor challenge any part of the documentary evidence. In other words, appellant did not contest a single aspect of the attorney's fees at trial. After reviewing the record, we conclude that appellee's unchallenged evidence regarding Krohn's fees complies with *Rohrmoos*. 578 S.W.3d at 498; *see also Sylvester v. Nilsson*, No. 14-19-00901-CV, 2021 WL 970924, at *7 (Tex. App.—Houston [14th Dist.] Mar. 16, 2021, no pet.) (mem. op.).

However, appellant also challenges the sufficiency of the evidence supporting an award of attorney's fees for Krohn's legal assistants. After reviewing the record, we agree the evidence is legally insufficient to support the fees awarded for work performed by Krohn's legal assistants.

To recover fees for work performed by non-attorney staff, courts have required additional evidence showing (1) the staff member's qualifications to perform substantive legal work; (2) the staff member performed the substantive legal work under the direction and supervision of an attorney; (3) the nature of the legal work performed by the staff member; (4) the staff member's hourly rate; and (5) the total number of hours expended by the staff member. *El Apple I, Ltd*., 370 S.W. 3d at 763; *Land v. Land*, 561 S.W.3d 624, 642 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Here, the billing records include entries showing work completed by three non-attorney staff members (BK, GJ, and KJ).[3] Other than Krohn testifying that her legal assistants' fee was $120 an hour, the record contains no other evidence about their qualifications to perform substantive legal work or that they performed any substantive legal work under the direction and supervision of an attorney. *Land*, 561 S.W.3d at 642 (concluding evidence insufficient to support legal assistant fees when no evidence showed qualifications to perform substantive legal work billed or that legal work was performed under supervision of attorney). A fee award cannot compensate for work performed by non-attorney staff members without such evidence. *Id*. at 642–43 (citing *El Apple I, Ltd*., 370 S.W.3d at 763). Because such evidence is absent from the record, we modify the judgment to reduce the attorney's fees and expenses awarded to appellee by $194.07.

Appellant's second issue is sustained in part and overruled in part. As modified, we affirm the award of attorney's fees.

## Conclusion

We modify the trial court's protective order to reduce the attorney's fees and expenses by $194.07 and further modify the protective order to delete paragraph 20

---

[3] The record contains no other identifying information about these non-attorneys.

that prohibits appellant from attending or going near the extracurricular activities of the child, until further order of a court of competent jurisdiction. In all other respects, we affirm the trial court's protective order.

210302f.p05

/Craig Smith//
CRAIG SMITH
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ASHRAF ABDELMONEIM
MAHMOUD, Appellant

No. 05-21-00302-CV     V.

VALERIE GARCIA JACKSON,
Appellee

On Appeal from the 280th District
Court, Harris County, Texas
Trial Court Cause No. 2021-13398.
Opinion delivered by Justice Smith.
Justices Schenck and Osborne
participating.

In accordance with this Court's opinion of this date, the protective order of the trial court is **MODIFIED** as follows:

The award of attorney's fees and expenses is **REDUCED** by $194.07.

We order the following language **DELETED** from the protective order:

> 20. ıT IS ORDER[ED] that Respondent be prohibited from attending or going near the extracurricular activities of the child, until further order of a court of competent jurisdiction.

In all other respects, we **AFFIRM** the trial court's protective order.

It is **ORDERED** that each party bear their own costs of this appeal.

Judgment entered this 16th day of June, 2022.